# United States Court of Appeals
## For the First Circuit

No. 02-2666

RADKO RADKOV AND MARTA D. P. RADKOVA,

Petitioners,

v.

JOHN ASHCROFT, ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Selya, Circuit Judge,

Coffin and Cyr, Senior Circuit Judges.

Peter Popov on brief for petitioners.
Peter D. Keisler, Assistant Attorney General, Civil Division,
Linda S. Wernery, Senior Litigation Counsel, Office of Immigration
Litigation, and Brenda M. O'Malley, Attorney, Office of Immigration
Litigation, on brief for respondent.

July 13, 2004

**SELYA**, <u>Circuit Judge</u>. The petitioners, Radko Radkov and Marta Dontcheva Pencheva Radkova, Bulgarian nationals, seek review of a decision by the Board of Immigration Appeals (the BIA) denying their motion to reopen as untimely filed. As the underlying exclusion proceedings commenced prior to April 1, 1997, and the BIA issued its final decision subsequent to October 31, 1996, we have jurisdiction pursuant to section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a), as modified by the transitional rules for judicial review contained in section 309(c)(4)(A) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, Div. C, 110 Stat. 3009-546, 3009-626 (enacted Sept. 30, 1996). <u>See</u> <u>Saint Fort</u> v. <u>Ashcroft</u>, 329 F.3d 191, 197-98 (1st Cir. 2003).

The procedural history of this case is tangled. On August 6, 1992, an immigration judge found the petitioners excludable and denied their request for asylum and withholding of deportation. The BIA upheld this determination in a decision dated December 29, 1998 (the Decision). The petitioners did not seek judicial review and the time for doing so expired.

Subsequent to the expiration of the judicial review period, the petitioners, through new counsel, filed a motion to reopen on July 15, 1999. This filing seemingly contravened the command of 8 C.F.R. § 1003.2(c)(2), which provides that motions to reopen must be docketed with the BIA no later than ninety days

-2-

after the date of the final administrative decision in the underlying proceeding. The petitioners aspired to avoid this temporal bar by submitting an affidavit from their former attorney of record, Sylvia J. Rolinski, stating that she never received the Decision. On this basis, the petitioners argued that the Decision had never been mailed to the attorney and that, therefore, they had been deprived of a fair chance to seek judicial review. See 8 C.F.R. § 1003.1(f) (providing that "[t]he decision of the Board shall be in writing . . . and a copy shall be served upon the alien or party affected").

On June 1, 2000, the BIA denied the petitioners' motion as untimely. The petitioners sought judicial review of that order within the specified period. In considering that petition, we identified the critical issue as "whether counsel of record for the petitioners was ever mailed the [Decision]." Radkov v. INS, 248 F.3d 1127, 2000 WL 1875857, at *1 (1st Cir. 2000) (table). We added that "[i]f the decision was sent out in due course, then the petitioners missed the ninety-day deadline to move to reopen," and, thus, denial of the motion to reopen was appropriate. Id. Concluding that the BIA had not focused sufficiently on the issue of mailing, we vacated the order appealed from and remanded for "further consideration and explanation of whether the . . . order was in fact properly mailed." Id. at *2.

In a new round of proceedings, the BIA again denied the motion to reopen. By order dated November 20, 2002, the BIA noted that a motion to reopen must be filed no later than ninety days after the final administrative decision in a case. 8 C.F.R. § 1003.2(c)(2). Therefore, a motion to reopen the petitioners' case was due on or before March 29, 1999. Remarking the obvious — that the petitioners' motion was not filed until July 15, 1999 — the BIA found that the Decision had been seasonably mailed to Attorney Rolinski at the last address she had provided.[1] Accordingly, the BIA denied the motion as untimely. Relatedly, it rejected the petitioners' request that, as a matter of unfettered discretion, it reissue its final administrative decision in light of Attorney Rolinski's claim that she did not receive the Decision. In that regard, the BIA took pains to explain that the record did not reflect any written notice of a change in Attorney Rolinski's address until well after December 29, 1998.

We apply an abuse of discretion standard when reviewing the BIA's grant or denial of a motion to reopen. INS v. Doherty, 502 U.S. 314, 315 (1992); INS v. Abudu, 485 U.S. 94, 99 n.3 (1988). Under that multifaceted rubric, we must accept the BIA's subsidiary findings of fact as long as they are supported by substantial

---

[1]The parties, who agree on little else, concur that mailing the Decision to the petitioners' then-attorney at her designated address of record, if accomplished, would be the legal equivalent of a mailing to the petitioners. See 8 C.F.R. § 292.5.

-4-

evidence. If, given the relevant proof, a reasonable mind could accept a particular factual determination, that determination satisfies the substantial evidence standard. Martinez v. INS, 970 F.2d 973, 974 (1st Cir. 1992). The BIA's legal conclusions are reviewed de novo, according due weight to the BIA's expertise in construing the statutory framework that it administers. Albathani v. INS, 318 F.3d 365, 372 (1st Cir. 2003). In the immigration context, as elsewhere, an error of law on the trier's part comprises an abuse of discretion. See, e.g., Rosario-Urdaz v. Rivera-Hernandez, 350 F.3d 219, 221 (1st Cir. 2003).

We discern no abuse of discretion here. The BIA, under an explicit mandate from this court to ponder the record (including the Rolinski affidavit), reexamine its findings, and explain whatever conclusion it then reached, determined that the Decision had been mailed contemporaneously to the petitioners' attorney of record. Given the BIA's fuller explanation, we think that its determination is supportable. We comment briefly.

The record shows that Attorney Rolinski submitted an entry of appearance to the BIA (Form EOIR 27) on December 22, 1992, listing her address as "1615 L Street, NW Suite 1200, Washington, DC 20036." The administrative record contains no evidence that Attorney Rolinski notified the BIA prior to December 29, 1998, that she had changed her address (and, indeed, she does not claim to have done so). Moreover, the BIA noted that its computer records

-5-

indicate that Attorney Rolinski changed the address she had registered with the BIA to "10400 Eastwood Avenue, Silver Spring, MD 20901" on May 26, 1999. This change came <u>after</u> the time for filing a motion to reopen in this case had expired.

Of course, Attorney Rolinski avers that, even after she set up shop in Maryland, she continued to receive mail at her Washington address. Extrapolating from this averment, the petitioners, vigorously represented by successor counsel, continue to question whether the Decision was contemporaneously mailed to Attorney Rolinski at that address. This time around, the BIA answered this query directly and affirmatively. That finding is supported by substantial evidence.

As currently configured, the record contains the original of the Decision, the transmittal letter that accompanied the Decision (signed by the BIA's chair), and the envelope in which the Decision and transmittal letter were mailed to Attorney Rolinski. The envelope is postmarked December 29, 1998. Moreover, a contemporaneous notation made in the BIA's computer system indicates that the Decision was in fact mailed on that date. The record further reflects that these documents, having been mailed on December 29, 1998, were returned on January 15, 1999, with a notation on the envelope explaining: "NO LONGER AT THIS ADDRESS PLEASE RETURN TO SENDER." The record contains the envelope and its returned contents. The returned transmittal letter bears a stamp

indicating that it was received at the BIA, in the clerk's office, on January 15, 1999.

The petitioners' effort to undermine the significance of this evidence is unpersuasive. They claim, for example, that the envelope cannot constitute proof of mailing because no mailing address appears on it and, therefore, it "cannot be connected to [petitioners'] file at all." Petitioners' Br. at 26. That is a gross exaggeration. The original envelope utilizes a clear window for the display of a mailing address, and the transmittal letter accompanying the Decision contains the name and address of petitioners' then-attorney in the upper left-hand corner, designed to appear in the glassine window when folded for mailing. While inferences are needed to make the connection, those inferences are reasonable ones — and the BIA was entitled to draw them.

Our conclusion that the record supports the finding that the BIA contemporaneously mailed the Decision to counsel at her address of record effectively ends the matter. The time for filing a review petition begins to run when the BIA complies with the terms of the applicable regulations by mailing its decision to a petitioner's address of record. Martinez-Serrano v. INS, 94 F.3d 1256, 1258-59 (9th Cir. 1996); Ouedraogo v. INS, 864 F.2d 376, 378 (5th Cir. 1989). Even if, as the petitioners contend, the mailing in this case somehow went awry without any fault on the part of the BIA, that circumstance alone would not excuse the failure to file

a timeous motion to reopen. See <u>Nowak</u> v. <u>INS</u>, 94 F.3d 390, 391 (7th Cir. 1996); <u>cf.</u> <u>Rivera</u> v. <u>Fossarina</u>, 840 F.2d 152, 155 (1st Cir. 1988) (holding that under Fed. R. Civ. P. 5(b), service by mail is complete upon mailing even if the mailing is not thereafter received).

We need go no further.[2]  In our earlier opinion, we directed the BIA to consider the Rolinski affidavit, reexamine the evidence (including any new proffers), and, if its view remained unchanged, explain in greater detail the basis for its conclusion that the Decision had been contemporaneously  mailed. See <u>Radkov</u>, 2000 WL 1875857, at *2.  The BIA has carried out this assignment assiduously and its response satisfies its burden of explication. Hence, we affirm the denial of the motion to reopen as untimely and deny the petition for review.

**<u>So Ordered</u>**.

---

[2]The petitioners alternatively style their motion as a motion for reconsideration.  The BIA rejected this alternative formulation. That rejection was justified.  The motion plainly did not meet the requirements for a motion to reconsider in that it did not identify any errors of fact or law in the Decision. <u>See</u> 8 C.F.R. § 1003.2(b)(1).