# United States Court of Appeals
## For the First Circuit

No. 05-1777

JESUETTE TOBETH-TANGANG,

Petitioner,

v.

ALBERTO GONZALES, Attorney General,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE BOARD

OF IMMIGRATION APPEALS

Before

Selya, Lynch and Howard, Circuit Judges.

Bokwe G. Mofor on brief for petitioner.
Peter D. Keisler, Assistant Attorney General, Civil Division, Christopher C. Fuller, Senior Litigation Counsel, and Jonathan F. Potter, Trial Attorney, United States Department of Justice, on brief for respondent.

March 14, 2006

**SELYA**, **Circuit Judge**.  The petitioner, Jesuette Tobeth-Tangang, a native of Cameroon, petitions for review of a decision of the Board of Immigration Appeals (BIA) denying her motion to reopen removal proceedings in order to allow reissuance of its earlier merits decision.  The petitioner claims that neither she nor her attorney received a copy of that decision when it was issued and that, therefore, the BIA abused its discretion in denying her motion.  Finding no abuse of discretion, we reject the petition for review.

The basic facts are straightforward.  The petitioner entered the United States as a nonimmigrant visitor for business on December 17, 1998.  That status allowed her to remain in the United States until March 16, 1999, but prohibited her from taking paid employment during her stay.  See 8 U.S.C. § 1101(a)(15)(B).  The petitioner nonetheless accepted a paid job and overstayed her prescribed time.  On June 16, 1999, the Immigration and Naturalization Service instituted removal proceedings against her by the issuance of a notice to appear.  See id. § 1229(a).

The petitioner retained counsel and cross-applied for asylum, withholding of removal, and voluntary departure.  She averred in substance that, if deported to Cameroon, she would be at risk because of her prior political affiliation.  Her most detailed allegation was that, as a member of the Social Democratic Front, she had been kidnaped, beaten, and interrogated in 1997 by members

-2-

of the ruling Cameroon People Democratic Movement.  Building on that foundation, she suggested that, if she were to return to Cameroon, her political antagonists would kill her.

The Immigration Judge (IJ) held an evidentiary hearing on various dates.  Finding the petitioner's testimony lacking both in credibility and in corroboration, the IJ rejected the full panoply of the petitioner's requests for relief and ordered her removed to Cameroon.  The IJ filed his decision on May 3, 2000.

The petitioner, through her attorney, took a timely appeal to the BIA.  On the same date (May 31, 2000), her counsel filed an entry of appearance (Form EOIR-27).  Two weeks later, the petitioner's counsel filed a brief with the BIA.  The signature block contained a different mailing address than the address noted on his entry of appearance.[1]

On March 26, 2003, the BIA affirmed the IJ's ukase.  As required by rule, the BIA mailed a copy of its decision (the Decision) to the attorney's address of record (i.e., to him at the address stated in his entry of appearance form).  See 8 C.F.R. § 1003.1(f).  The attorney had moved, however, so the copy of the Decision was returned as undeliverable by the postal service.  The petitioner claims — and for present purposes, we assume arguendo —

---

[1]The record shows that the entry of appearance form unambiguously listed counsel's address as "8121 Georgia Avenue #102, Silver Spring, MD 20910."  Inside his brief, counsel listed his address as "914 Silver Spring Avenue, #112," in the same municipality and state.

that neither she nor her lawyer knew of the Decision until November 5, 2004, when the petitioner attended a meeting convened by immigration officials.

Four days after that meeting, the petitioner, acting through the same counsel, lodged an inquiry with the BIA about the status of her case. In that inquiry, she asserted that neither she nor her attorney had received any correspondence from the BIA since June 1, 2001. The BIA responded promptly, sending the lawyer a copy of the Decision and informing him that he apparently had moved his office without changing the address on file with the BIA.

On December 11, 2004, the petitioner moved for reissuance of the Decision. She implored the BIA to entertain the motion because neither she nor her counsel had contemporaneously received a copy of the Decision. The BIA denied the motion on April 26, 2005. Treating it as a motion to reopen,[2] the BIA determined that there had been no defect in service of the Decision and that the petitioner's counsel had neglected to file a change of address form as required by the applicable regulation. See 8 C.F.R. § 1003.38(e).

This petition for judicial review followed. In it, the petitioner prays that we reverse the BIA's denial of her motion on

---

[2]Although the petitioner sought reissuance of the Decision, that relief is not mentioned in the regulations. In all events, the case would have to be reopened before the BIA could grant the requested relief. We therefore follow the BIA's lead and treat the motion as a motion to reopen.

the ground that the Decision was never properly served upon her.[3]

We review the BIA's decision to grant or deny a motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323 (1992). Within that rubric, we must uphold the BIA's subsidiary findings of fact as long as those findings are supported by substantial evidence. Radkov v. Ashcroft, 375 F.3d 96, 98 (1st Cir. 2004). However, the BIA's legal conclusions are reviewed de novo. Id. Any material error of law automatically constitutes an abuse of discretion. Id.

We discern no abuse of discretion here. The BIA has an affirmative obligation to mail a copy of its final decision to the alien. See 8 C.F.R. § 1003.1(f). Where, as here, the alien is represented by counsel, that duty may be discharged by mailing a copy of the decision to the alien's attorney of record. See id. In this case, the petitioner was represented by counsel, so a proper mailing to the attorney was the legal equivalent of a proper mailing to the petitioner. See id. § 292.5(a).

The mailing here was proper. The record makes manifest that the BIA sent a transmittal letter enclosing the Decision on

---

[3]The petitioner also attempts to attack the correctness of the Decision. That attack falls outside the scope of our review. See 8 U.S.C. § 1252(b)(1) (requiring that petitions for review be filed within thirty days of the final administrative decision); see also Stone v. INS, 514 U.S. 386, 406 (1995) (holding that a court of appeals lacks jurisdiction to review a BIA decision if the petition for review is filed after the statutory deadline). Consequently, we do not address this aspect of the petitioner's asseverational array.

March 26, 2003 (the day that it rendered the Decision) to the petitioner's attorney at the latter's address of record. The record contains not only a copy of this transmittal letter but also a copy of a second letter sent by the BIA, in November of 2004, following the petitioner's belated inquiry into the status of her case. In that second letter, the BIA explained that the earlier transmittal letter was returned as undeliverable. Finally, the second letter noted that counsel had not advised the BIA of a change in address when he moved his office.

The BIA accepted these facts as true, and so do we. The record permits no other conclusion. The short of it, then, is that the BIA mailed the Decision to the petitioner's attorney within the prescribed time frame and at the address he had specified.

Given this factual predicate, our decision in Radkov is controlling. There, on substantially similar facts, we held that:

> The time for filing a review petition begins to run when the BIA complies with the terms of the applicable regulations by mailing its decision to a petitioner's address of record. Even if, as the petitioners contend, the mailing in this case somehow went awry without any fault on the part of the BIA, that circumstance alone would not excuse the failure to file a timeous motion to reopen.

Radkov, 375 F.3d at 99 (citations omitted). It follows that the BIA's mailing was properly sent. And since its non-receipt was not due to any fault on the part of the BIA, the fact that it was not received does not suffice to excuse the petitioner's failure to

-6-

file a timely motion to reopen.  See id.; see also 8 C.F.R. §
1003.2(c)(2) (requiring that a motion to reopen be made within
ninety days of the final administrative decision in the underlying
proceeding).

The petitioner argues that the reference to counsel's new
address in the signature block of the brief should be deemed
sufficient to apprise the BIA of his change of address.  We find
this argument unconvincing.  The regulations prescribe a set
procedure by which aliens and their attorneys must keep the BIA
informed of changes in address.  See 8 C.F.R. § 1003.38(e)
(requiring aliens and their counsel to submit an EOIR-33 form
within five business days of any change in address).  The record is
devoid of any indication that the petitioner's counsel complied
exactly or substantially with this regulation — and, indeed, the
petitioner does not claim that her lawyer did so.

Quasi-judicial proceedings, like judicial proceedings,
operate best when clear rules of procedure are prescribed.  Once
that is done, however, litigants must comply with applicable rules,
and the agency, like a court, is entitled to assume that the
parties are compliant. Obedience to the rules is important; unless
the agency demands such obedience, it cannot command respect.  It
follows inexorably that non-observance of the rules should neither
be indulged nor lightly excused.  Cf. de la Torre v. Cont'l Ins.
Co., 15 F.3d 12, 16 (1st Cir. 1994) (explaining that a plaintiff

who fails to comply with "clearly delineated rules" cannot legitimately be heard to complain when the court holds fast to those rules).

So it is here. The BIA was entitled to rely on the address on file, and had no duty to hunt through every piece of paper pertinent to the case in search of indications to the contrary.

We need go no further. Simply put, the BIA satisfied its legal obligation by mailing the Decision to the petitioner at the unrevoked address furnished by her counsel on the entry of appearance form. See Radkov, 375 F.3d at 99; Nowak v. INS, 94 F.3d 390, 391-92 (7th Cir. 1996). Its subsequent adherence to the regulations governing entries of appearance and changes of address was well within the realm of its discretion. Consequently, there is no principled way that we can overturn the BIA's denial of the motion to reopen.

**The petition for review is denied**.