

Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2006

# Hamilton v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3300

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hamilton v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1117.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1117

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3300
_____

PATRICK LLEWELYN HAMILTON,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES;
SECRETARY OF DEPARTMENT OF HOMELAND SECURITY;
BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT,

Respondents

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A36 260 548
on May 17, 2005

_____

Submitted Under Third Circuit LAR 34.1(a)
May 12, 2006

Before: SCIRICA, CHIEF JUDGE, BARRY AND COWEN, CIRCUIT JUDGES

(Filed May 12, 2006)

_____

OPINION

_____

PER CURIAM

Patrick Llewelyn Hamilton, a native and citizen of Panama, petitions for review of a May 17, 2005 decision of the Board of Immigration Appeals (BIA), dismissing his appeal from an Immigration Judge's (IJ's) decision finding him removable as charged and ineligible for relief. We will deny the petition.

Hamilton was originally charged with being removable on the basis of a January 1995 controlled substance violation. An IJ found him removable as charged, and found he was ineligible for relief pursuant to former section 212(c) of the Immigration and Nationality Act (INA). While proceedings were pending before the IJ, Hamilton was convicted on December 23, 2003 of criminal possession of a controlled substance in the third and fourth degree. On January 24, 2004, he was sentenced to one to six years on the third degree conviction, and one year on the fourth degree conviction ("the 2004 conviction"). On appeal of the IJ's decision, the BIA remanded to the IJ on October 29, 2004, finding that the IJ erred in determining that Hamilton was ineligible for § 212(c) relief for his 1995 conviction. The BIA recognized that Hamilton had been convicted of another crime in December 2003, but noted that because Hamilton had not been charged with removability on that basis, he could pursue § 212(c) relief.

The Government then served Hamilton with additional charges of inadmissability, based on the 2004 conviction. The Government charged that this conviction rendered him removable for having committed a controlled substance violation and an aggravated

2

felony.

On appeal, Hamilton did not dispute that his 2004 conviction constituted an aggravated felony. Instead, he argued that the Government was estopped from charging him with removability based on the 2004 conviction, because the BIA was aware of the conviction when it made its October 2004 decision. The BIA rejected this argument, stating that the earlier decision had not, and could not have, disposed of the issue of his removability on the basis of the 2004 conviction, as the IJ's June 2004 decision that it was reviewing at the time did not even refer to the conviction. The BIA held that it was "without authority to apply the doctrine of equitable estoppel against the [Department of Homeland Security] so as to preclude it from undertaking a lawful course of action that it is empowered to pursue by statute and regulation." The BIA concluded, citing 8 C.F.R. § 1003.44(c), that because Hamilton had been convicted of an aggravated felony, he was ineligible for § 212(c) relief.

In his brief to this Court, Hamilton argues that he was denied due process because he did not receive the BIA's May 2005 decision. He also argues that his 2004 conviction is not an aggravated felony, and that the BIA was barred from considering that conviction, because it noted in its October 2004 decision that Hamilton had not been charged as being removable on the basis of the 2004 conviction. Hamilton also appears to argue that his 2004 conviction is invalid because he was never indicted.

In its brief, the Government argues solely that this Court lacks jurisdiction because

3

Hamilton has failed to raise a "colorable" constitutional claim or question of law. We will first address this issue and others regarding our jurisdiction.

I.

Hamilton filed his petition on July 5, 2005. While a petition must be filed within 30 days of a final order of removal, it appears here that the BIA sent the decision to the wrong address. See Singh v. INS, 315 F.3d 1186, 1188 (9th Cir. 2003) (petition filed after expiration of time allowed would nonetheless confer jurisdiction on court of appeals where BIA failed to comply with applicable regulations). As the Government does not seek dismissal on the basis of an untimely filing, we could assume jurisdiction without further discussion. See Eberhart v. United States, 126 S. Ct. 403, 406-07 (2005) (per curiam). However, Hamilton noted in his informal brief that he had filed a motion to reopen with the BIA. We take judicial notice that the BIA granted the motion on September 28, 2005, treating it as a motion to reissue its decision, and reissued the decision as of that date. Although the BIA's purpose in reissuing the decision was no doubt to allow Hamilton to timely file a petition for review, Hamilton has already filed a petition for review of the same (albeit, now reissued) decision.[1] We find that the situation is akin to one where a notice of appeal is filed after a court announces its

_____

[1] Further, we note that the address listed for Hamilton on the cover memo of the reissued decision lists an address in York, Pennsylvania as Hamilton's address. Hamilton's brief states that he was removed on August 15, 2005. Thus, it is not clear whether he received the reissued decision. The Court has not received a new petition for review of the reissued decision.

decision, but before the entry of judgment or order is entered. In such an instance, the notice of appeal is "treated as filed on the date of and after the entry." Fed. R. App. P. 4(a)(2), and is thus treated as timely filed. We similarly will not dismiss this petition as untimely.

The Government argues that even if we treat the petition as timely, we lack jurisdiction to consider Hamilton's petition. Under the REAL ID Act (effective May 11, 2005), any alien seeking to challenge a final order of removal must do so by filing a petition for review in the court of appeals. See 8 U.S.C. § 1252(a)(5). Although the Act generally removes jurisdiction to review final orders of removal against certain criminal aliens, see § 1252(a)(2)(C), the Act specifically grants jurisdiction to review a criminal alien's "constitutional claims or questions of law." § 1252(a)(2)(D). The Government's brief misstates the jurisdictional inquiry–whether any constitutional claims or questions of law are "colorable" is not relevant. See Papageorgiou v. Gonzales, 413 F.3d 356, 358-59 (3d Cir. 2005) (exercising jurisdiction under § 1252(a)(2)(D) then denying petition for review because constitutional claim was "without merit"). Hamilton has clearly raised a constitutional claim (due process violation), and two questions of law (whether his 2004 conviction is an aggravated felony; whether the BIA was estopped from considering the 2004 conviction). Barring other procedural barriers, we may consider these issues on the merits.

As the Government notes, pursuant to 8 U.S.C. § 1252(d)(1), this Court may only

5

review a final order of removal if "the alien has exhausted all administrative remedies available to the alien as of right." Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003) (alien is required to raise and exhaust remedies as to each claim or ground for relief to preserve right of judicial review). Hamilton did not present his argument that his 2004 conviction was not an aggravated felony at any level of the administrative proceedings. Thus, we are without jurisdiction to review that claim. He did, however, present his claim that the BIA was estopped from considering his 2004 conviction. Further, his due process claim, which concerns events taking place after the BIA's decision, could not have been presented to the BIA in his appeal to that body. We thus have jurisdiction to consider these two issues.[2]

## II

An alien is entitled to due process in removal proceedings, but to prevail on a due process claim, he must show substantial prejudice. Bonhometre v. Gonzales, 414 F.3d 442, 448 (3d Cir. 2005). Hamilton seems to argue that he never got the BIA's May 17, 2005 decision; however, the decision is attached, with comments, to his petition for review. Thus, although he may not have received the decision in a timely manner, he did have notice of the contents of the decision before he was required to file his brief.

---

[2] To the extent Hamilton argues that his 2004 conviction is invalid because he was never indicted, we do not consider the argument, as an alien may not collaterally challenge a state court conviction in a petition for review. Cf. Drakes v. INS, 330 F.3d 600, 606 (3d Cir. 2003) (alien may not constitutionally challenge state court conviction in § 2241 petition).

Because of this, and because we have assumed jurisdiction over his late-filed petition, he cannot show that he was prejudiced by his late receipt of the BIA decision.

We now turn to the claim that the BIA was estopped from considering Hamilton's 2004 conviction. This Court recently held that the INA incorporates principles of collateral estoppel or issue preclusion. See Duvall v. Attorney General, 436 F.3d 382, 387-88 (3d Cir. 2006). Under the doctrine of issue preclusion, a party is barred from relitigating issues only when "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment." Burlington Northern R. Co. v. Hyundai Merchant Marine Co., Ltd., 63 F.3d 1227, 1231 (3d Cir. 1995).

Issue preclusion does not apply here, because the issue of whether Hamilton's 2004 conviction rendered him removable was not actually litigated in the earlier proceedings and was not essential to the prior judgment. The BIA merely mentioned that he had been convicted but had not (yet) been charged with removability on the basis of that conviction. As the BIA noted, as an appellate body, it could not have reached the issue. Thus, Hamilton's claim is without merit. Cf. Duvall, 436 F.3d at 391 (holding that application of collateral estoppel "in a case such as this, where a clearly deportable alien continues to commit criminal acts after initial proceedings are terminated, would frustrate" the statutory purpose of ensuring the removal of aliens convicted of serious

7

crimes).