

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-21-2007

# Sieprawski v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4227

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Sieprawski v. Atty Gen USA" (2007). *2007 Decisions*. Paper 1586.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1586

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-4227

BARTOSZ SIEPRAWSKI,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

On Petition for Review from the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A 75-448-685)

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
June 30, 2006

Before: BARRY, VAN ANTWERPEN and JOHN R. GIBSON,[*] Circuit Judges.

(Filed:  February 21, 2007)

OPINION OF THE COURT

JOHN R. GIBSON, Circuit Judge.

---

[*] Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit.

Bartosz Sieprawski, a native and citizen of Poland, petitions for review of an order of the Bureau of Immigration Appeals denying two motions Sieprawski had filed. The first motion asked the Board to reissue the Board's order of May 2, 2005, which Sieprawski alleges he never received until after the time for petitioning for review of that order had expired. The second motion sought to reopen Sieprawski's removal proceedings to adduce evidence that the criminal conviction on which the removal order was based was not in fact final. We will deny review.

Sieprawski was charged with removability on the grounds that he had been convicted of an aggravated felony, see 8 U.S.C. § 1227(a)(2)(A)(iii), due to a New Jersey criminal conviction. He moved to terminate the removal proceedings, contending he was not removable because he was an American citizen, by virtue of the naturalization of his father during Sieprawski's childhood. The Immigration Judge hearing his case ruled that Sieprawski did not become a citizen through his father because his parents were divorced and his mother had legal custody of Sieprawski; the IJ ordered Sieprawski removed. Sieprawski appealed to the Board of Immigration Appeals, which upheld the IJ's decision by order of May 2, 2005.

Sieprawski contends that he was not notified of the BIA's decision, but only learned of it on July 18, 2005, after the time for appeal had expired, see 8 U.S.C. § 1252(b)(1) (petition for review must be filed no later than 30 days after final order of removal). Sieprawski promptly filed a "Motion to Reissue the BIA's Decision," informing the BIA of the fact that he had not received notice of its decision during the

time for petitioning for review and asking the agency to reissue the order so that he could make a timely petition.

A few days after filing the motion to reissue, Sieprawski also filed a separate motion to reopen, arguing that his state conviction was not final because he had an appeal pending.

The BIA denied both motions on August 16, 2005. The BIA rejected the motion to reopen because the record showed that Sieprawski's appeal of his state criminal conviction was untimely and had not therefore prevented his conviction from becoming final. The BIA rejected the motion to reissue on three grounds. First, the BIA stated that it had mailed the May 2, 2005 order to Sieprawski. Second, it said Sieprawski had not come forward with arguments or evidence that would convince the BIA that service was defective. Third, the BIA held that "even if a mailing error were established," Sieprawski had not suffered prejudice from not receiving the order because he had two remedies: (1) Sieprawski was able to file the motion to reissue, and (2) he could ask the Third Circuit to accept a late-filed petition to review the May 2, 2005, order.

We first must consider whether we have jurisdiction over this petition to review the August 16, 2005, denial of Sieprawski's motions. Sieprawski petitioned for review on September 13, 2005, which the government concedes was timely. However, the government contends that we lack jurisdiction because the August 16, 2005, order was not a final order of removal that we have jurisdiction to review under 8 U.S.C. § 1252(a)(5). We treat the motion to reissue as a motion to reopen. See Tobeth-Tangang v. Gonzales, 440 F.3d 537, 539 n.2 (1st Cir. 2006); Radkov v. Ashcroft, 375 F.3d 96, 98 (1st

Cir. 2004) (reviewing denial of motion to reissue under standard for motion to reopen). Denial of a motion to reopen a final order of removal is itself a final order of removal. See Cruz v. Att'y Gen., 452 F.3d 240, 246 (3d Cir. 2006). We therefore have jurisdiction to review the denial of the motions to reopen.

We review the BIA's denial of a motion to reopen on the ground of failure to make a prima facie case for relief for abuse of discretion, with the underlying findings of fact reviewed for substantial evidence. Sevoian v. Ashcroft, 290 F.3d 166, 170 (3d Cir. 2002). The BIA abuses its discretion when its decision is arbitrary, irrational, or contrary to law. Id. at 174.

The BIA's finding that it mailed the order to Sieprawski was supported by substantial evidence. Sieprawski came forward with his attorney's "certification" that she did not receive the order and his own letter stating he had not received it.[1] The BIA introduced no direct evidence of mailing, but it did produce a cover letter dated May 2, 2005, that was addressed to Sieprawski's counsel's correct address. In the recent case of Singh v. Gonzales, 469 F.3d 863, 866-69 (9th Cir. 2006), the BIA introduced a correctly addressed cover letter, while the alien produced evidence that neither he nor his attorney received a copy of the order. The Ninth Circuit held that this was substantial evidence to support the BIA's finding of service and denial of a motion to reissue. Accord Radkov, 375 F.3d at 98-99 (BIA did not abuse discretion in denying reissuance where record

---

[1] He later also adduced evidence that his attorney did not receive papers the BIA was supposed to have mailed in another matter at about the same time and that it entered a calendar date incorrectly in another matter. However, this evidence was not introduced until after the BIA ruled on his motion to reissue.

included envelope in which the order was mailed to attorney's address of record and returned to the BIA as undeliverable). The record in Singh was substantially identical to that in this case, and it follows that the BIA's denial of the motion to reissue in this case was supported by substantial evidence.

The BIA's treatment of Sieprawski's motion was indeed irrational in one respect: the BIA stated that, assuming there was a defect in mailing, Sieprawski was not harmed because he was able to bring the motion to reissue; but the BIA denied that motion on the ground that there was no defect in the mailing. The remedy was thus illusory. However, the BIA's decision was adequately supported by its finding that it had served the order and its conclusion that Sieprawski's evidence was not sufficient to make a prima facie case for reopening. Accordingly, we need not rely on the BIA's lack-of-prejudice analysis in order to uphold its decision.

The BIA suggested that Sieprawski could ask this Court for leave to file a late petition for review, which he has done. The 30-day time limit imposed by section 1252(b)(1) for filing a petition for review is jurisdictional. Malvoisin v. INS, 268 F.3d 74, 75-76 (2d Cir. 2001). The government now contends that we cannot grant such leave. However, we have in unpublished decisions approved the Ninth Circuit's analysis in Singh v. INS, 315 F.3d 1186, 1188 (9th Cir. 2003), that the 30 days do not begin to run until the BIA has complied with its obligation to mail the order in compliance with applicable regulations. Gaur v. Ashcroft, No. 01-2988, 65 Fed. Appx. 773, 774 (3d Cir. Apr. 4, 2003); Hamilton v. Att'y Gen., No. 05-3300, 183 Fed. Appx. 196, 198 (3d Cir. May 12, 2006); see 8 C.F.R. § 1003.1(f) (service requirement). Thus, Sieprawski's

petition would be timely if he could show the BIA failed to serve the May 2 order in accordance with the regulations.

The BIA itself has held that there was no such failure. Although we review de novo questions concerning our own jurisdiction, <u>Alaka v. Att'y Gen.</u>, 456 F.3d 88, 94 n.8 (3d Cir. 2006), we see no reason to arrive at a different conclusion regarding the record than that arrived at by the BIA. Accordingly, we must hold that the petition to review the May 2, 2005, order was untimely and must be dismissed.

We next must determine whether the BIA abused its discretion in rejecting Sieprawski's argument that his conviction was not final because he still had an appeal pending. We note that the BIA did not rely on the fact that the state court appeal urged in Sieprawski's motion was not newly available evidence, since the state court appeal was filed March 16, 2004, and was therefore available before the BIA issued its original May 2, 2005, decision. Since the BIA did not rely on that ground, we may not rely on it, either. "It is a bedrock principle of administrative law that judicial review of an agency's decision is limited to the rationale that the agency provides." <u>Konan v. Att'y Gen.</u>, 432 F.3d 497, 501 (3d Cir. 2005).

Sieprawski contended that his conviction for the aggravated felony was not final because there was still a direct appeal pending. The BIA responded that the record showed that Sieprawski's appeal had been filed out of time. Under <u>Matter of Polanco</u>, 20 I.&N. Dec. 894, 897-98 (BIA 1994), where the alien has failed to file his appeal in time, the BIA will consider the conviction final, notwithstanding the possibility of discretionary relief by the state court, unless the alien can show that he has been granted leave to take a

late appeal.  Sieprawski did not show that he has been granted such leave; accordingly, the BIA's denial of his motion to reopen on this ground was not contrary to law, or otherwise an abuse of discretion.

We will deny review of the BIA's denial of the motions to reopen.