PER CURIAM.
This is a petition for review of a decision of the Board of Immigration Appeals (“BIA”), dismissing petitioners’ appeal from a removal order. Along with their petition, petitioners have filed a motion for leave to file the petition more than 30 days after the BIA’s decision issued, and respondent has filed a cross-motion to dismiss the petition for lack of jurisdiction. For the reasons discussed below, we deny the former motion and grant the latter.
The 30-day time limit for filing a petition for review contained in 8 U.S.C. § 1252(b)(1) is “a strict jurisdictional requirement.” Zhang v. INS, 348 F.3d 289, 292 (1st Cir.2003). As such, it is subject to no equitable exceptions. Ruiz-Martinez v. Mukasey, 516 F.3d 102, 117-18 (2d Cir. 2008) (reaffirming the jurisdictional nature of section 1252(b)(1) after the enactment of the REAL ID Act and the decision of the Supreme Court in Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), holding that time limits based on statutes are jurisdictional in nature). See also Fed. R.App. P. 26(b)(2) (forbidding any extension of time to file a petition for review, even for good cause, unless “specifically authorized” by statute).
Here, the BIA’s decision issued on July 29, 2008, but petitioners did not file their petition until September 25, 2008, almost 60 days later. They attempt to excuse their late filing by providing evidence that the United States Postal Service mistakenly delivered the BIA’s decision to another entity, which did not promptly forward it to petitioners’ attorney, and they argue that they have been “unfairly prejudiced” by that mistake. However, as stated, section 1252(b)(1) is not subject to such equitable exceptions.
Petitioners further argue that the time for filing them petition did not begin to run until their attorney received the BIA’s decision on September 15, 2008, and that since their petition was filed less than 30 days later, it was timely filed under section 1252(b)(1). Even if the time for filing a petition for review begins to run only when the BIA mails its decision to the petitioner’s, or petitioner’s counsel’s, address of record, Radkov v. Ashcroft, 375 F.3d 96, 99 (1st Cir.2004) (dicta); Martinez-Serrano v. INS, 94 F.3d 1256, 1258-59 (9th Cir.1996) (collecting cases), but see Nowak v. INS, 94 F.3d 390, 392 (7th Cir.1996) (rejecting that proposition), that does not help petitioners here, who concede that the BIA mailed the decision to the correct address. See Nowak, 94 F.3d at 392; cf. Radkov, 375 F.3d at 99 (holding that “[e]ven if ... the mailing ... somehow went awry without any fault on the part of the BIA, that circumstance alone would not excuse the failure to file a timeous motion to reopen”).
Respondent suggests that petitioners may ask the BIA to reopen the removal proceedings and reissue its decision under 8 C.F.R. § 1003.2(c) and thereby restart the 30-day appeal period. Regardless of whether the BIA has the power to grant such relief and would exercise it in the present circumstances, it has not done so. Therefore, the present petition is untimely and must be dismissed for lack of jurisdiction.

Petition dismissed.