# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 25, 2009

Charles R. Fulbruge III
Clerk

No. 08-61097
Summary Calendar

SHUFANG LI, also known as Shu Fang Li,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 449 955

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Shufang Li petitions us for review of the Board of Immigration Appeals's ("BIA") denial of her request to reissue its decision. Because the BIA did not abuse its discretion, we deny the petition.

Li is a Chinese citizen who overstayed her visa. Faced with deportation, she applied for asylum. The immigration judge denied her application for asylum, and she appealed to the BIA. On February 7, 2008, the BIA affirmed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the decision. Having missed the thirty-day deadline to appeal, Li moved for reopening to have the BIA reissue its opinion with a new date on September 5. The BIA denied that motion on November 14, and Li appealed to this court on December 10.

Li first asks us to reverse the BIA's February 7 asylum denial. Because more than thirty days passed between the BIA's asylum decision and her December 10 appeal, we lack jurisdiction to consider the issue. *See Stone v. INS*, 514 U.S. 386, 406 (1995).

We can, however, consider Li's appeal of the BIA's refusal to reopen her case. The BIA can reissue an opinion with a new date to allow an immigrant the opportunity to appeal. *See Roy v. Ashcroft*, 389 F.3d 132, 136 (5th Cir. 2004). The question here is under what circumstances it must. We can overturn the BIA's decision not to reissue a decision only when it abuses its discretion. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Li argues the BIA should have reissued the opinion with a new date to allow her to appeal because she never received the opinion. She points to two possible causes: the BIA and her attorney.[1]

Li first contends that the BIA erred by sending its opinion to her lawyer's old address in Monterey Park, California, instead of the lawyer's address in San Gabriel, California. After the BIA decides a case, it must serve the decision upon the alien. 8 C.F.R. § 1003.13(f). When an alien has an attorney, the BIA can send the decision to the alien's attorney. *Id*. § 1292.5(a). The BIA serves a decision upon an alien by "mailing a document to the appropriate party." *Id*. §

---

[1] Li's brief may also be read to question whether the BIA ever sent the decision, although it is unclear on this point. If that is a third argument, she cannot make it to us for the first time. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001) ("An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA—either on direct appeal or in a motion to reopen.") (citation omitted).

1003.13. Whether Li's attorney received the decision is only relevant insofar as it is circumstantial evidence that the BIA never sent the opinion. *See Jahjaga v. Att'y Gen. of the U.S.*, 512 F.3d 80, 84-85 (3d Cir. 2008) (considering nonreceipt only as evidence that the BIA failed to send its decision); *Gaberov v. Mukasey*, 516 F.3d 590, 594-95 (7th Cir. 2008) (same); *Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 76-77 (2d Cir. 2007) (per curiam) ("Once the BIA has performed its duty of serving the order, the time for appeal and motions to reopen begins to run, even if the order miscarries in the mail or the alien does not receive it for some other reason that is not the BIA's fault."); *Singh v. Gonzales*, 494 F.3d 1170, 1172 (9th Cir. 2007) ("If the decision was properly mailed, then the BIA fulfilled its statutory duty of service."); *Radkov v. Ashcroft*, 375 F.3d 96, 99 (1st Cir. 2004) ("Even if, as the petitioners contend, the mailing in this case somehow went awry without any fault on the part of the BIA, that circumstance alone would not excuse the failure to file a timeous motion to reopen.").

In this case, whether Li's attorney received the decision is irrelevant. She acknowledges that the BIA sent it and only objects to the address. Although her attorney received earlier correspondence at the San Gabriel address, the attorney later listed the Monterey Park address on her appearance of counsel form for the BIA appeal. The Monterey Park address was the last address provided to the BIA. By sending the decision to the Monterey Park address, the BIA fulfilled its obligation.

Li next argues that if it was not the BIA's fault, it was her attorney's fault for listing an old address. That mistake, she argues, constitutes ineffective assistance of counsel. Because Li did not ask the BIA to use its *sua sponte* authority to reopen based on ineffective assistance, we cannot consider the claim. *Wang*, 260 F.3d at 452-53.

Finding no error, we hold that the BIA did not abuse its discretion in refusing to reissue its decision. Li's petition for review is DENIED.