**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0233n.06

No. 10-3771

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Apr 14, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| ROMI SABRI SLEWA, | ) | |
| | ) | |
| Petitioner, | ) | ON PETITION FOR REVIEW |
| | ) | FROM A FINAL ORDER OF |
| v. | ) | THE BOARD OF |
| | ) | IMMIGRATION APPEALS |
| ERIC H. HOLDER, JR., United States | ) | |
| Attorney General | ) | |
| | ) | |
| Respondent. | ) | |

Before:     KENNEDY, BOGGS, and SUTTON, Circuit Judges.

BOGGS, Circuit Judge.  Petitioner Romi Slewa, a Chaldean Christian from Iraq, failed to timely appeal a September 14, 2009, decision by the Board of Immigration Appeals ("BIA") denying his asylum application.  On December 22, 2009, he moved the BIA to reissue its decision on the merits of his application so that he could pursue an appeal to this court.  On June 8, 2010, the BIA denied that motion as untimely under 8 C.F.R. § 1003.2(c)(2), and it found no "exceptional situation" meriting sua sponte reopening and reissuance of the decision under 8 C.F.R. § 1003.2(a).

Slewa now seeks review of the BIA's June 8, 2010, denial of his motion to reissue.  In his opening brief, however, he argues only that the agency abused its discretion in denying his asylum application.  Because Slewa's Notice of Appeal was untimely as to the decision on the merits of his application, we lack jurisdiction to review that decision.  *See* 8 U.S.C. § 1252(b)(1) (requiring that petitions for review be filed within thirty days of the final administrative decision); *see also Stone*

*v. INS*, 514 U.S. 386, 406 (1995) (holding that a court of appeals lacks jurisdiction to review a BIA decision if the petition for review is filed after the statutory deadline).

A motion to reissue is treated as a motion to reopen. *Tobeth-Tangang v. Gonzales*, 440 F.3d 537, 539 n.2 (1st Cir. 2006); *Jin Bo Zhao v. INS*, 452 F.3d 154, 157 (2d Cir. 2006). The BIA's denial of a motion to reopen is reviewed for abuse of discretion. *Haddad v. Gonzales*, 437 F.3d 515, 517 (6th Cir. 2006). That standard requires this court to "decide whether the denial of [the] motion to reopen . . . was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination against a particular race or group." *Ibid.* (internal quotation marks and citations omitted). The BIA denied Slewa's motion to reissue as untimely because it was due within ninety days of the BIA's September 14, 2009, decision—by December 14, 2009. *See* 8 C.F.R. § 1003.2(c)(2) (requiring that motions to reopen be filed within ninety days of the final decision). Slewa's motion was filed on December 22, 2009, outside of the ninety-day window.

In his opening brief, Slewa makes no argument challenging the BIA's decision that his motion to reissue was time-barred. Because issues "unaccompanied by some effort at developed argumentation[] are deemed waived," *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006), he has waived the argument that the BIA abused its discretion in denying his motion to reissue. Moreover, we lack jurisdiction to review the BIA's refusal to exercise its sua sponte power to reissue the decision. *See Gor v. Holder*, 607 F.3d 180, 187–88 (6th Cir. 2010) (citing *Harchenko v. INS*, 379 F.3d 405, 410–11 (6th Cir. 2004)). Slewa thus presents no grounds upon which this court can grant relief, and we must DENY his petition for review.