NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 30 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JATINDER SINGH,<br><br>               Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>               Respondent. | No.   18-72588<br><br>Agency No. A088-390-353<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 9, 2022
Seattle, Washington

Before: IKUTA and MILLER, Circuit Judges, and PREGERSON,[**] District Judge.
Dissent by Judge PREGERSON.

Jatinder Singh seeks review of an order of the Board of Immigration

Appeals denying his second motion to reopen his removal proceedings. The order

was dated August 10, 2018, but Singh did not file his petition for review until 42

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

days later, on September 21, 2018. Because his filing was untimely, we dismiss the petition for review for lack of jurisdiction. 8 U.S.C. § 1252(b)(1); *Haroutunian v. INS*, 87 F.3d 374, 375 (9th Cir. 1996).

The statutory time limit for filing a petition for review is mandatory and jurisdictional. *Stone v. INS*, 514 U.S. 386, 405 (1995). That time limit "begins to run when the BIA mails its decision." *Yepremyan v. Holder*, 614 F.3d 1042, 1043 (9th Cir. 2010) (per curiam); *see also Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996); *Singh v. Gonzales*, 494 F.3d 1170, 1172 (9th Cir. 2007); 8 C.F.R. § 1003.1(f). And the Board "enjoys a rebuttable 'presumption of mailing' when it issues a decision accompanied by a properly addressed and dated cover letter." *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1078 (9th Cir. 2010). The Board issued such a decision in this case, so we apply a presumption that the decision was mailed on the date of the order, which was August 10.

Singh argues that his petition is timely because, he says, the Board did not comply with its notice obligations until he received actual notice of the decision on August 22. He does not dispute that the Board mailed its decision on August 10, but he asserts that it did not do so properly. As evidence for that assertion, he points out that his counsel did not receive the initial mailing, which was returned to the Board as undeliverable. But that fact is equally consistent with an error on the part of the Postal Service, not the Board. Such an error would not excuse a late

filing. *See Chen v. United States Atty. Gen.*, 502 F.3d 73, 76–77 (2d Cir. 2007) (per curiam) ("Once the BIA has performed its duty of serving the order, the time for appeal and motions to reopen begins to run, even if the order miscarries in the mail or the alien does not receive it for some other reason that is not the BIA's fault."); *accord Radkov v. Ashcroft*, 375 F.3d 96, 99 (1st Cir. 2004).

Singh attempts to show that the blame lies with the Board by arguing that the letter must have been folded in such a way that his address was partially obscured or that the letter was mislabeled, but those arguments are based on speculation, not on any evidence in the record. Although the record contains a photocopy of a window envelope with an empty window, it does not indicate whether the copy was made before or after the envelope was opened and the letter removed. The record is insufficient to overcome the presumption that the Board fulfilled its notice obligations.

We have acknowledged that an affidavit of nonreceipt by an alien's counsel might be sufficient to overcome the presumption of mailing, but we have never definitely resolved that question. Instead, we have held that the agency must consider such an affidavit when it is presented to the Board as part of a request that the Board reissue its decision to allow the filing of a timely petition for review. *Singh*, 494 F.3d at 1172–73. In the context of such a request, the Board is able to consider "the weight and consequences of [a petitioner's evidence] as compared to

its own records" to determine whether a petitioner received adequate notice of a decision. *Hernandez-Velasquez*, 611 F.3d at 1079. But our review is more circumscribed, and we lack the authority to undertake the kind of factual investigation that Singh asks us to conduct.

To toll the time limit for filing a petition for review, a petitioner must demonstrate that, through some fault of the agency, he did not receive notice of the decision. *See Singh v. INS*, 315 F.3d 1186, 1189 (9th Cir. 2003). The record here falls short of that standard, and we lack jurisdiction to create equitable exceptions to the statutory time limit. *See Magtanong v. Gonzales*, 494 F.3d 1190, 1191 (9th Cir. 2007) (per curiam).

**PETITION DISMISSED.**

*Jatinder Singh v. Garland*; No. 18-72588

**Pregerson, District Judge, dissenting:**

We have long recognized that a "petitioner should not be penalized for the BIA's failure to comply with the terms of the federal regulations." *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996).  Although I agree that the Board may be entitled to a presumption of proper mailing, I respectfully disagree with the majority's conclusion that Petitioner has failed to rebut that presumption.

As an initial matter, this case is not about actual notice, notwithstanding the majority's use of the term.  Rather, as the majority correctly observes, the question is whether and when the BIA satisfied its obligation to serve its decision upon Petitioner.  Because the record before us includes a properly addressed and dated cover letter, the Board is entitled to a presumption that its decision was properly mailed on the date of that cover letter.  *Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1078 (9th Cir. 2010).  That presumption, however, is not irrefutable.  Rather, a petitioner can rebut the presumption of proper mailing.  *Id.*  As discussed further below, the evidentiary standard a Petitioner must meet to do so is relatively modest.  Indeed, we have suggested that affidavits of non-receipt alone may suffice to rebut the presumption of proper mailing.  *Id.*; *see also Dalip Singh v. Gonzales*, 494 F.3d 1170, 1172-73 (9th Cir. 2007).

Here, however, the record is more robust.  There is no dispute that Petitioner never received the Board's initial mailing, or that that mailing was returned to the

1

agency by the United States Postal Service as undeliverable. The very same cover letter that entitles the government to a presumption of proper mailing bears indicia of having been folded into thirds, so as to fit inside a standard envelope. The record also includes an image of the envelope that was returned to the agency. That envelope includes a transparent window, through which, had the cover letter been properly folded and inserted, counsel's correct address would have been visible. Nevertheless, the envelope bears a sticker stating "Return to Sender," "Attempted - Not Known," and "Unable to Forward." No address whatsoever is visible through the envelope's transparent window, or anywhere else on the envelope.

The government pleads ignorance as to how the envelope, which was returned <u>to the agency</u>, came to be part of the record before us, notwithstanding that the government itself filed the administrative record with this Court, certified the authenticity of its contents, and reproduced an image of the envelope within its answering brief. Nowhere in that brief does the government make any suggestion that the envelope has been tampered with, or that the copy in the record is in any way unreliable. At argument, however, the government suggested for the first time, among other postulations, that "maybe the envelope was altered before it was put in the record," and essentially urged us to ignore the envelope in the absence of

2

a chain of custody.[1]  Although the majority appears to decline this invitation and does, as it must, address the evidence presented, the majority concludes that the returned envelope is equally suggestive of error on the part of the Postal Service as on the part of the Board.  I cannot agree.  Put simply, how could the Postal Service be at fault for failing to deliver an envelope with no address on it?  It is the majority and the government, not Petitioner, who speculate as to why the evidence appears the way it does in the record.  But no matter what theoretical failing the majority may ascribe to the Postal Service, or hypothetical history the majority may construct to explain the state of the record before us, the indisputable fact remains that the envelope bears no mailing address.  If such evidence is insufficient to rebut the presumption of proper mailing, it is difficult to see how any petitioner could ever do so, absent some *mea culpa* from the Board itself.

My view of the nature and effect of the presumption of mailing appears to differ from that of the majority.  "The most widely followed theory of presumptions in American law . . . has become known as the . . . 'bursting bubble' theory[.]"  2 McCormick On Evid. § 344 (8th ed.).  "Under the . . . 'bursting

---

[1] In most instances, there is no evidentiary distinction between an original and a photocopied duplicate, absent some "genuine question" as to the authenticity of the latter.  *See* Fed. R. Evid. 1003.  In the immigration context, evidentiary standards are generally even more permissive.  *See, e.g., Sanchez v. Holder*, 704 F.3d 1107, 1109 (9th Cir. 2012).  The government concedes that it does not know whether there is <u>any</u> defect with the copy of the envelope, and its baseless suppositions cannot serve to exclude evidence from our consideration.

bubble' approach to presumptions, a presumption disappears where rebuttal evidence is presented." *Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995). Thus, in the context of questions of receipt of district court orders, this Court has recognized that a presumption of receipt is "rebutted upon a specific factual denial of receipt." *Id.*; *see also In re Yoder Co.*, 758 F.2d 1114, 1119 (6th Cir. 1985) ("[A] presumption vanishes entirely once rebutted, and the question must be decided as any ordinary question of fact."); *ITC Ltd. v. Punchgini, Inc.*, 482 F.3d 135, 149 (2d Cir. 2007) ("Courts and commentators are in general agreement that proffered evidence is sufficient to rebut a presumption as long as the evidence could support a reasonable [] finding of the nonexistence of the presumed fact.") (internal quotation marks omitted).

To be sure, some presumptions are stronger than others. This Court has recognized, for example, that in certain bankruptcy proceedings, a presumption of mailing "can only be overcome by clear and convincing evidence that the mailing was not, in fact, accomplished." *In re Bucknum*, 951 F.2d 204, 207 (9th Cir. 1991) (per curiam). And in the immigration context, with respect to service of a Notice to Appear, we have afforded a "strong presumption" of delivery when notice is sent by certified mail. *Salta v. I.N.S.*, 314 F.3d 1076, 1079 (9th Cir. 2002); *see also Sembiring v. Gonzales*, 499 F.3d 981, 983 (9th Cir. 2007) (applying "lesser presumption of effective service applicable to regular mail"). Accordingly, we

4

have required "fairly strong evidence to rebut such a presumption." *Salta*, 314 F.3d at 1079.

I am not aware, however, of any instance in which we have applied a "strong," or otherwise heightened, presumption of mailing in a case involving a motion to reopen. Although this Court did indeed recognize a presumption of mailing in *Haroutunian v. I.N.S.*, 87 F.3d 374 (9th Cir. 1996), nothing in that decision can be read to suggest that the presumption is an abnormally robust one. To the contrary, in *Haroutunian* we cited to *Karimian–Kaklaki v. I.N.S.*, 997 F.2d 108, 111 (5th Cir.1993), another case in which the petitioner cited <u>no evidence</u> of improper mailing, for the proposition that "<u>absent evidence to the contrary</u>, [the] date on BIA's transmittal letter is [the] date mailed." *Haroutunian*, 87 F.3d at 375 (emphasis added). Although this language alone is suggestive of a standard, "bubble"-type presumption, we need not resort to reading between *Haroutunian*'s lines. In *Dalip Singh*, as here, we considered the presumption of mailing as it related to the agency's statutory duty under 8 C.F.R. § 1003.1(f). *Dalip Singh*, 494 F.3d at 1172. In so doing, we specifically quoted *Nunley* and its recognition that under the "'bursting bubble' approach to presumptions, a presumption disappears where rebuttal evidence is presented." *Id.* at 1173.

Here, however, the majority holds Petitioner to a higher standard. Although the undeliverable, address-less envelope unquestionably constitutes rebuttal

5

evidence that could support the nonexistence of the presumed fact of proper mailing, the majority nevertheless faults Petitioner for presenting evidence that is merely "equally consistent" with the existence of the presumed fact. In so doing, the majority imposes, at minimum, a preponderance standard on Petitioner that is not supported by any statute, regulation, or prior decision of this Court. Maj. at 3.

The majority also, having weighed Petitioner's evidence and found it wanting, further asserts without citation that "we lack the authority to undertake the kind of factual investigation that Singh asks us to conduct." Maj. at 4. This statement appears inconsistent with the majority's prior evidentiary analysis, and with the majority's recognition that the time limit for filing a petition for review is tolled where a petitioner can "demonstrate that, through some fault of the agency, he did not receive notice of the decision." Maj. at 4 (citing *Ram Singh v. INS*, 315 F.3d 1188 (9th Cir. 2003)). A petitioner cannot, however, possibly demonstrate any fact to a court that disclaims the authority to consider factual questions. This Court has examined, and should continue to examine, the evidence when the court's jurisdiction is at issue. *See, e.g.*, *Haroutunian*, 87 F.3d at 375 (analyzing evidence, such as date stamp, to determine when BIA order was mailed).

I respectfully dissent.