# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 4, 2009

Charles R. Fulbruge III
Clerk

No. 09-60024
Summary Calendar

EDGAR MARCELO ILLESCAS-PINOS

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL

Respondent

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A73 084 555

---

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:*

Edgar Illescas-Pinos ("Illescas") petitions for review of a Board of Immigration Appeals ("BIA") order dismissing his appeal from the denial of a motion to reopen 1994 deportation proceedings in which a deportation order was entered against him *in absentia*. Illescas seeks to reopen the proceedings based upon a lack of notice of his deportation hearing. Alternatively, he urges reopening because exceptional circumstances caused his failure to appear and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the BIA should have equitably tolled the filing deadline applicable to motions to reopen on this basis.

After review of the record on appeal, we hold that the BIA did not abuse its discretion in denying Illescas's motion to reopen based upon lack of notice. The petition for review on this ground is denied. Further, Illescas failed to exhaust his administrative remedies because he did not raise the equitable tolling argument before the BIA. Accordingly, this court lacks jurisdiction to review the equitable tolling claim and we dismiss this portion of the appeal.

## I. Background

The briefs and the record reveal a cluttered factual and procedural background, but the facts relevant to this appeal are as follows: Illescas is a native and citizen of Ecuador. On August 10, 1994, Immigration and Naturalization Service ("INS") agents arrested Illescas because he entered the United States without inspection. Illescas was released on bond on September 12, 1994. On October 11, 1994, the Immigration Court sent a Notice of Hearing in Deportation Proceedings ("notice") via certified mail to Illescas's counsel of record, Thelma Garcia ("Garcia"). Though Garcia was present, Illescas did not appear at his November 1, 1994, hearing and the Immigration Judge ("IJ") subsequently ordered him deported.

On August 20, 2008, Illescas filed a motion to reopen,[1] arguing that he lacked notice of the deportation hearing due to the ineffective assistance of counsel. Specifically, Illescas claimed that Garcia never notified him of the

---

[1] The IJ denied an earlier-filed motion to reopen on May 19, 2008, but this decision was not appealed to the BIA and is not before this court.

deportation hearing date. The IJ denied the motion, the BIA dismissed Illescas's appeal, and Illescas brought the instant petition for review.

## II. Standard of Review

Motions to reopen immigration proceedings are disfavored. *INS v. Doherty*, 502 U.S. 314, 323, 112 S. Ct. 719, 724 (1992). Accordingly, this court reviews the BIA's denial of a motion to reopen for an abuse of discretion. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Under this "highly deferential" standard, we will affirm the BIA's decision unless it is "'capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach.'" *Id.* at 304 (quoting *Pritchett v. INS*, 993 F.2d 80, 83 (5th Cir. 1993)).

## III. Discussion

*A. Lack of Notice*

Because Illescas's hearing notice was served between June 13, 1992, and April 1, 1997, 8 U.S.C. § 1252b provides the applicable administrative procedures. *See In re Mancera-Monroy*, 22 I. & N. Dec. 79, 82 n.1 (BIA 1998). Subsection (a)(2) requires that "written notice [of the time and place of the deportation proceedings] shall be given in person to the alien (or, if personal service is not practicable, written notice shall be given by certified mail to the alien or to the alien's counsel of record, if any) . . . ." 8 U.S.C. § 1252b(a)(2)(A) and (B). A deportation order may be entered *in absentia* "after written notice required under subsection (a)(2) of this section has been provided to the alien or the alien's counsel of record" and the alien fails to appear. 8 U.S.C. § 1252b(c)(1). Additionally, § 1252b(c)(3)(B) provides that a deportation order entered *in absentia* may be rescinded "upon a motion to reopen filed at any time

if the alien demonstrates that the alien did not receive notice in accordance with subsection (a)(2) of this section . . . ."

Illescas argues that, although notice to counsel is sufficient to justify the initial entry of an *in absentia* order under § 1252b(c)(1), § 1252b(c)(3)(B)'s language with regard to reopening *in absentia* proceedings is more narrow. Illescas emphasizes that subsection (c)(3)(B) allows rescission of an order if "the alien did not receive notice," and Illescas contends that receipt of notice by counsel is not receipt by the alien. Accordingly, Illescas argues that Garcia's receipt of notice by certified mail does not disqualify him from reopening based upon lack of notice. We disagree.

Illescas's position ignores the remaining language of subsection(c)(3)(B), which allows motions to reopen if "the alien did not receive notice *in accordance with subsection (a)(2).*" 8 U.S.C. § 1252b(c)(3)(B) (emphasis added). The plain language of subsection (a)(2) clearly contemplates that, when personal service on the alien is impracticable,[2] notice may be given "to the alien *or the alien's counsel of record.*" 8 U.S.C. § 1252b(a)(2)(A) and (B) (emphasis added). *See also Scorteanu v. INS*, 339 F.3d 407, 411-12 (6th Cir. 2003) (rejecting argument that subsection (c)(3)(B) renders notice to counsel insufficient by referring to notice "to the alien" rather than "to the alien or his counsel" and holding that, per the statutory language of 8 U.S.C. § 1252b(a)(2) and (c)(3)(B), the attorney's receipt of notice constitutes notice to the alien). Not surprisingly, Illescas points to no cases supporting his contention that, in the reopening context, counsel's receipt

---

[2] Personal service is deemed impracticable when the respondent is not in immigration court before the IJ. *In re Grijalva*, 21 I. & N. Dec. 27, 35 (BIA 1995). Illescas does not contend that he should have been personally served.

of notice is not equivalent to the alien's receipt.[3]  Because Illescas does not dispute Garcia's receipt of notice by certified mail, we hold that the BIA did not abuse its discretion when it found that Illescas was properly provided with notice of his deportation hearing.

## B.  Exceptional Circumstances

Though Garcia's receipt of notice precludes Illescas's motion to reopen under § 1252b(c)(3)(B) for lack of notice, Illescas's claim that Garcia rendered ineffective assistance by failing to notify him of the deportation hearing may constitute "exceptional circumstances" warranting reopening.  *See Goonsuwan v. Ashcroft*, 252 F.3d 383, 391 (5th Cir. 2001).  8 U.S.C. § 1252b(c)(3)(A) provides that a deportation order may be rescinded "upon a motion to reopen filed within 180 days after the date of the order of deportation if the alien demonstrates that the failure to appear was because of exceptional circumstances . . . ."  Assuming without deciding that Illescas can make out an ineffective assistance of counsel claim,[4] we agree with the BIA's conclusion that Illescas's August 20, 2008, motion to reopen on this ground was untimely because it was filed more than 180 days after the November 1, 1994, deportation order.

---

[3] Illescas cites this court's decision in *Gomez-Palacios v. Holder*, 560 F.3d 354 (5th Cir. 2009), to support his proposition that the alien, not the alien's attorney, must "actually receive" notice.  In accordance with *Gomez*, Illescas correctly states that the inquiry when considering a motion to reopen is whether the alien actually received notice, not whether notice was properly mailed.  In *Gomez*, neither the alien nor an attorney of record received the mailed notice.  However, the issue in this case is not whether actual receipt is required but whether *counsel's* actual receipt–which is undisputed–satisfies the statutory requirements of notice to the alien.  The plain language of § 1252b(c)(3)(B) indicates that notice to counsel is sufficient, and *Gomez* does not hold otherwise.

[4] *See Lara v. Trominski*, 216 F.3d 487 (5th Cir. 2000) (upholding the BIA's use of the procedural requirements articulated in *Matter of Lozada*, 19 I. & N. 637 (BIA 1988), to establish an ineffective assistance of counsel claim).

On appeal, Illescas asserts that the BIA wrongly concluded that the 180-day filing deadline could not be equitably tolled. However, this court lacks jurisdiction to review the issue because Illescas never presented his claim for equitable tolling to the BIA and therefore failed to exhaust his administrative remedies. 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009). *See also Joumaa v. Gonzales*, 446 F.3d 244, 246 (1st Cir. 2006); *Mahamat v. Gonzales*, 430 F.3d 1281, 1283 (10th Cir. 2005). Accordingly, this portion of Illescas's appeal must be dismissed.

## IV. Conclusion

For the foregoing reasons, Illescas's petition for review is **DENIED** in part and **DISMISSED** in part.