# United States Court of Appeals
## For the First Circuit

No. 09-2536

LUIZ CARLOS VAZ DOS REIS,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF THE BOARD

OF IMMIGRATION APPEALS

Before

Selya, Lipez and Howard, <u>Circuit Judges</u>.

<u>Steven Lyons</u> on brief for petitioner.
<u>Tony West</u>, Assistant Attorney General, Civil Division, <u>Blair T. O'Connor</u>, Assistant Director, and <u>Joseph D. Hardy</u>, Trial Attorney, Office of Immigration Litigation, on brief for respondent.

May 21, 2010

**SELYA**, <u>Circuit Judge</u>.  The petitioner, Luiz Carlos Vaz dos Reis, a Brazilian national, seeks judicial review of an order of the Board of Immigration Appeals (BIA), which affirmed the denial by an immigration judge (IJ) of his motion to reopen removal proceedings.  The petitioner asserts that he did not receive notice of a scheduled hearing before the IJ; that the IJ erred by refusing to rescind the ensuing in absentia removal order and reopen his case; and that the BIA compounded the error by improvidently upholding the IJ's order.  Discerning no misuse of the agency's considerable discretion in such matters, we deny the petition.

The facts are uncomplicated.  On July 9, 1999, the petitioner, his wife, and their minor son tried to enter the United States using an invalid visa.  They were taken into custody and detained.

A credible fear interview took place on July 15, 1999.  The interviewer thought the petitioner credible, but nevertheless issued a notice directing him to appear in the immigration court in Miami, Florida.  Two days later, immigration officials paroled the petitioner into the United States.

The petitioner settled temporarily in Framingham, Massachusetts, and moved successfully to transfer his case to Boston.  On December 16, 1999, he filed a change-of-address form with the immigration court.  The form recounted that the petitioner

had moved to 10 Locust Avenue, Southampton, New York. The removal proceedings remained before the immigration court in Boston.[1]

The petitioner, through counsel, filed an application for asylum and other relief, which became part and parcel of the removal proceedings. On March 27, 2000, the petitioner's lawyer withdrew. The petitioner retained successor counsel in the person of Attorney James C. Dragon, who filed an appearance on his behalf. All notices and correspondence from the immigration court thereafter were sent to Dragon at the office address stipulated on his entry-of-appearance form. See 8 C.F.R. § 1292.5(a).

The IJ scheduled a hearing in the petitioner's case for July 6, 2000. The immigration court gave written notice of the hearing to Dragon, as the petitioner's counsel. Because the notice contained an incorrect date, the case had to be rescheduled.

On August 17, 2000, the immigration court mailed a new notice to Dragon, informing him that the hearing would take place on September 28, 2000. The petitioner alleges that Dragon spoke only with the petitioner's wife (now his ex-wife) and never told him about the newly scheduled hearing. The petitioner further alleges that, due to marital discord, his wife misled him, stating that the hearing was to take place on October 28, 2000. No notice

---

[1] The petitioner's wife and son were parties to these proceedings, but their cases were severed from the petitioner's after marital difficulties arose. The petitioner and his wife divorced on April 24, 2001.

-3-

of the September 28 hearing was sent by the court directly to the petitioner.

On the appointed date — September 28, 2000 — Dragon attended the hearing. The petitioner did not appear. The IJ allowed Dragon to withdraw as counsel for the petitioner and ordered the petitioner removed. See 8 U.S.C. § 1229a(b)(5)(A). According to the petitioner, his wife told him about the in absentia removal order no later than October 28, 2000.

For aught that appears, immigration officials did very little to follow up on the removal order, and almost eight years passed. On March 14, 2008, the petitioner moved to reopen the removal proceedings and rescind the order. He premised this motion on a claim of ineffective assistance of counsel, averring that Dragon had neglected to inform him of the date and time of the pivotal hearing.

The government opposed the motion. The IJ deemed the motion untimely; the petitioner, by his own admission, had known of the removal order since the fall of 2000, yet had not taken any steps to vacate it during the intervening years.

The petitioner appealed to the BIA, positing that the IJ had abused her discretion in denying the motion. The BIA upheld the IJ's decision. It ruled that notice to the petitioner's attorney of record qualified as notice to the petitioner. See 8 C.F.R. §§ 1003.26(c)(2), 1292.5(a). The BIA also observed that the

petitioner's eight-year delay in moving to reopen demonstrated a lack of due diligence. This timely petition for judicial review followed.

We review decisions to grant or deny motions to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323 (1992); Jupiter v. Ashcroft, 396 F.3d 487, 490 (1st Cir. 2005). This standard is not monolithic. Within it, we will uphold the agency's subsidiary findings of fact as long as they are supported by substantial evidence; we will assay embedded legal conclusions de novo; and we will review judgment calls for abuse of discretion, simpliciter. Radkov v. Ashcroft, 375 F.3d 96, 98 (1st Cir. 2004). A material error of law constitutes a per se abuse of discretion. Id.

When proceedings are pending in the immigration court, the affected alien must provide the court with a written record of his current address and must furnish a written update whenever a change in address occurs. 8 U.S.C. § 1229(a)(1)(F). The immigration court has a parallel set of obligations. The basic notice requirement for removal proceedings is that "written notice . . . shall be given in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record)." Id. § 1229(a)(1). The BIA has held that personal service is deemed impracticable when the alien

is not physically present in the immigration court. See In re Grijalva, 21 I. & N. Dec. 27, 35 (BIA 1995).

If there is any change in either the time or place of a scheduled hearing, the court must give written notice to the alien either personally or through service by mail on the alien or his counsel of record. 8 U.S.C. § 1229(a)(2)(A). An applicable regulation glosses these basic notice requirements. The regulation directs that any time notice to a represented alien is required, the notice shall be served on the alien's attorney of record. 8 C.F.R. § 1292.5(a).

Assuming proper notice, a failure to appear at a removal hearing can have dire consequences. In particular, such a failure can ground an in absentia removal order against the non-appearing alien. 8 U.S.C. § 1229a(b)(5)(A). Once an in absentia removal order becomes final, it can be rescinded only if the alien can show that either (i) his failure to appear was due to exceptional circumstances, or (ii) no proper notice was furnished to him.[2] Id. § 1229a(b)(5)(C). A motion to reopen based on exceptional circumstances must be made within 180 days of the entry of the final order of removal. See id. § 1229a(b)(5)(C)(i); see also Beltre-Véloz v. Mukasey, 533 F.3d 7, 10 (1st Cir. 2008). In

---

[2] Removal proceedings also can be reopened and an order of removal rescinded if the alien can show that he was in federal or state custody at the critical time, and that his failure to appear was through no fault of his own. 8 U.S.C. § 1229a(b)(5)(C)(ii). This potential avenue of relief is not implicated here.

contrast, there is no fixed time limit for making a motion to reopen based on lack of notice. See 8 U.S.C. § 1229a(b)(5)(C)(ii); see also Shah v. Mukasey, 533 F.3d 25, 28 (1st Cir. 2008); Aragón-Munoz v. Mukasey, 520 F.3d 82, 86 (1st Cir. 2008). We discuss these two avenues to reopening in sequence.

The centerpiece of the petitioner's argument is his assertion that his lawyer, Dragon, did not effectively assist him. Ineffective assistance of counsel during removal proceedings may comprise an exceptional circumstance. See, e.g., Beltre-Véloz, 533 F.3d at 10; Saakian v. INS, 252 F.3d 21, 25 (1st Cir. 2001). A motion to reopen based on exceptional circumstances is an appropriate way for an alien who is subject to an in absentia order of removal to raise such a claim. Beltre-Véloz, 533 F.3d at 10.

Here, however, the petitioner has flatly disclaimed any reliance on the exceptional circumstances construct. See Petr.'s Br. 27. When a party disavows a particular theory of the case, it is not an appellate court's proper role to make the disavowed argument for him. See, e.g., United States v. Slade, 980 F.2d 27, 30 & n.3 (1st Cir. 1992) (holding that issues not briefed on appeal are waived); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (warning that courts should not be expected to "do counsel's work").

We hasten to add that, even if the petitioner had not foregone exceptional circumstances as a ground for reopening, his

-7-

prospects would not be enhanced. As we have said, a motion to reopen based on a claim of exceptional circumstances must be filed within 180 days of the entry of the final order of removal. 8 U.S.C. § 1229a(b)(5)(C)(i). The petitioner first moved to reopen nearly eight years after the entry of the removal order — long past the 180-day deadline. Accordingly, he would be time-barred from seeking to reopen on the basis of exceptional circumstances.[3]

This leaves the absence of notice as the only path to reopening that conceivably might be available to the petitioner. Seeking to travel this path, he strives to persuade us that his lawyer's ineffectiveness led to a lack of notice of the scheduled hearing; that this lack of notice caused his non-appearance (and, thus, triggered the in absentia removal order); and that, therefore, the IJ should have allowed him to reopen. We are not persuaded.

We need not tarry. The petitioner's argument that he lacked notice assumes that "notice" and "personal knowledge" are one and the same. But that assumption is contradicted by the plain

---

[3] Even though it is an open question whether the 180-day period may be extended through equitable tolling, see Guerrero-Santana v. Gonzales, 499 F.3d 90, 93-94 (1st Cir. 2007), no such claim is advanced here. For the sake of completeness, however, we note that an alien's lack of due diligence ordinarily thwarts any attempt to invoke equitable tolling. See, e.g., Fustaquio do Nascimento v. Mukasey, 549 F.3d 12, 18 (1st Cir. 2008); Beltre-Véloz, 533 F.3d at 11. Given that the petitioner took no action for many years after being told about the in absentia removal order, this principle would seemingly defeat any claim of equitable tolling.

language of the relevant statute and regulation. We explain briefly.

In order for an alien to be entitled to reopen removal proceedings based on lack of notice, he must show, at a bare minimum, that he did not receive notice as provided in 8 U.S.C. § 1229(a). For present purposes, the key provision of the statute is subparagraph (2), which instructs that, where personal service is impracticable, notice of any scheduling change should be served by mail in one of two ways: either on the alien or on his counsel of record. Id. § 1229(a)(2)(A). The plain language of the statute indicates that notice to an alien's counsel of record constitutes notice to the alien. See id.

The implementing regulation, 8 C.F.R. § 1292.5(a), drives this point home. It provides that notice of, inter alia, scheduling changes may be effected by service upon the alien's "attorney or representative of record." Id.

Courts have not hesitated to hold that both the statute and the regulation say what they mean and mean what they say. See, e.g., Pervaiz v. Gonzales, 405 F.3d 488, 490 (7th Cir. 2005); Scorteanu v. INS, 339 F.3d 407, 412 (6th Cir. 2003); Garcia v. INS, 222 F.3d 1208, 1209 (9th Cir. 2000) (per curiam); Anin v. Reno, 188 F.3d 1273, 1277 (11th Cir. 1999) (per curiam). We are of that view.

The petitioner cannot surmount this barrier. He concedes that Dragon was both his attorney of record and duly served with notice of the hearing. Given the tenor of the statute and the regulation, service on Dragon was in contemplation of law the equivalent of service on the petitioner himself. Thus, the petitioner has not shown a lack of notice sufficient, under 8 U.S.C. § 1229a(b)(5)(C)(ii), to justify reopening his removal proceedings.

In an effort to blunt the force of this reasoning, the petitioner asseverates that notice to his attorney of record did not constitute notice to him because his attorney failed to alert him to the hearing date. But with respect to motions to reopen removal proceedings, courts typically have treated ineffective assistance of counsel under the "exceptional circumstances" prong of the statute. See, e.g., Aris v. Mukasey, 517 F.3d 595, 599 (2d Cir. 2008) (holding that "a lawyer's inaccurate advice to his client concerning an immigration hearing date can constitute 'exceptional circumstances' excusing the alien's failure to appear at a deportation hearing"); Lo v. Ashcroft, 341 F.3d 934, 937-38 (9th Cir. 2003) (similar).

The petitioner's asseveration, refined to bare essence, invites us to scrap this taxonomy and treat ineffective assistance of counsel — Dragon's failure to communicate with his client — as something other than an exceptional circumstance. Accepting this

-10-

invitation would require us, without rhyme or reason, to turn a blind eye to the relevant precedents.[4]  See, e.g., Fustaguio do Nascimento v. Mukasey, 549 F.3d 12, 16 (1st Cir. 2008); Beltre-Véloz, 533 F.3d at 10.

The sort of easy evasion proposed by the petitioner would, if allowed, seriously compromise the 180-day deadline specified by Congress in 8 U.S.C. § 1229a(b)(5)(C)(i).  We see no justification for taking so unprincipled a step.  Consequently, we hold that this easy evasion is not available to the petitioner.  An alien cannot skirt the statutory 180-day deadline simply by relabeling his claim as one based on lack of notice.

We need go no further.  For the reasons elucidated above, we hold that there was no abuse of discretion involved in either the IJ's denial of the petitioner's motion to reopen or the BIA's affirmance of that ruling.

**The petition for judicial review is denied**.

---

[4]  While the case law consistently treats ineffective assistance of counsel as an exceptional circumstance, only a handful of unpublished decisions have dealt with the precise situation in which, as here, notice was served only on an alien's counsel of record and the alien claimed that he did not receive notice because of counsel's failure to relay the information. Without exception, those decisions have rejected the lack of notice claim, concluding that the exceptional circumstances prong constituted the exclusive avenue for recourse vis-à-vis ineffective assistance of counsel. See, e.g., Illescas-Pinos v. Holder, 351 F. App'x 954, 957 (5th Cir. 2009); Simtion v. Gonzales, 233 F. App'x 578, 580-81 (7th Cir. 2007).