NOT DESIGNATED FOR PUBLICATION

No. 128,585

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RONALD JOHNSON,
*Appellant*,

v.

CENTURION, ARAMARK, and DAN SCHNURR, Warden,
*Appellees*.


MEMORANDUM OPINION

Appeal from Reno District Court; DANIEL D. GILLIGAN, judge. Submitted without oral argument. Opinion filed October 3, 2025. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Jon D. Graves*, legal counsel, Kansas Department of Corrections, for appellee Dan Schnurr.


Before HILL, P.J., MALONE and HURST, JJ.


PER CURIAM: Ronald Johnson appeals the district court's summary denial of his K.S.A. 60-1501 petition where he alleged that his privacy under the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. § 1320d et seq., was violated and that he was subjected to cruel and unusual punishment for being assigned to work in the prison kitchen. For the reasons explained below, we affirm the district court's judgment.

1

This case arises from the summary denial of Johnson's pro se K.S.A. 60-1501 petition filed in Reno County District Court on October 21, 2024. Johnson is an inmate at the Hutchinson Correctional Facility and Dan Schnurr is the warden. The petition alleged that Centurion, a private company that ostensibly contracted with the prison, violated his rights under HIPAA by sharing medical information with Aramark, another private company that operates the prison kitchen facility. Johnson also alleged that he was forced to work in the prison kitchen for Aramark, which was cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

Johnson attached to his petition copies of grievances and administrative appeals that he had submitted to prison staff and to Schnurr concerning his complaints. Schnurr's response to Johnson's grievance explained that "Centurion is asked, from KDOC staff, to provide a list of individuals that are medically cleared to perform work duties in the kitchen. There is no specific medical information given to Aramark staff. Therefore, there is no basis for your claim of any HIPPA violation."

Johnson's K.S.A. 60-1501 petition named Centurion, Aramark, and Schnurr as respondents. The district court did not hold a hearing on the petition and instead summarily denied it. The district court found that the alleged HIPAA violation was not properly before the court in a K.S.A. 60-1501 petition and cited caselaw holding that HIPAA does not create a private right of action for alleged disclosures of confidential medical information. As for Johnson's claim about the kitchen assignment, the district court cited caselaw holding that hard labor was not cruel and unusual punishment. The district court found that "[n]one of the allegations against the work assignment would qualify as cruel and unusual punishment" and that "they are associated with the ordinary incidents of prison life." Johnson timely appealed the district court's judgment.

ANALYSIS

Johnson claims the district court erred in summarily denying his K.S.A. 60-1501 petition. He reprises his complaint about the alleged HIPAA violation and asserts he can bring a private cause of action because he is not seeking money damages. He also asserts he can bring a claim for his forced kitchen duty because Aramark is a private company "which is distinctly different" from being required to work in an internal prison job.

Schnurr has filed a brief and contends that Johnson exhausted his administrative remedies only as to the alleged HIPAA violation and not the alleged Eighth Amendment violation for the forced kitchen duty. He also contends that Johnson failed to plead an issue of constitutional stature in his habeas petition. Finally, he asserts that Johnson's alleged HIPAA violation fails to state a claim for which relief can be granted.

To state a claim for relief under K.S.A. 60-1501 and avoid summary dismissal, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). "[I]f it is apparent from the petition and attached exhibits that the petitioner is entitled to no relief, then no cause for granting a writ exists and the court must dismiss the petition." *Denney v. Norwood*, 315 Kan. 163, 173, 505 P.3d 730 (2022). This court reviews the summary dismissal a of K.S.A. 60-1501 petition de novo. 315 Kan. at 175.

*Exhaustion of administrative remedies*

As a threshold issue, Schnurr claims Johnson did not exhaust his administrative remedies on all his claims. K.S.A. 75-52,138 requires inmates to establish that they exhausted available administrative remedies in their original petition before filing any civil action. Schnurr concedes that Johnson exhausted the administrative grievance and appeal processes but only as to the alleged HIPAA violation. But a review of the

grievances and appeals attached to the petition shows that while the HIPAA allegations may have been the primary focus of the grievances, Johnson also alleged that he was being required to work in the kitchen when he did not ask for that work assignment. For example, in his grievance form dated July 4, 2024, Johnson alleged: "I been [*sic*] placed on the drop sheet okd [*sic*] by Centurion to work for the kitchen/Aramark without my consent in violation of the 8th amendment cruel and unusual punishment [*sic*]." Thus, contrary to Schnurr's assertion, Johnson did seek an administrative remedy for the work assignment claim as well as for the HIPAA claim that he now raises on appeal.

But to the extent Johnson challenges the adequacy of his wage, he asserted nothing in his grievances about being forced to work for less than minimum wage. Schnurr did not address a wage complaint in his response to the grievance, nor did the district court address the wage issue. Johnson must first raise the wage issue through the administrative process so the district court and this court have a meaningful record to review. As to any alleged wage claim, Johnson failed to exhaust his administrative remedies.

*HIPAA claim*

Starting with the HIPAA claim, Johnson claimed below through his petition and attachments that that his "personal medical information" was shared between Centurion and Aramark ostensibly as part of clearing him for duty to work in the prison kitchen. Exactly what information Johnson alleges was shared is not clear from his petition or appellate brief. And in denying Johnson's grievance, Schnurr explained that the KDOC staff only asked Centurion to provide a list of individuals who were medically cleared to work in the kitchen and that no specific medical information was given to Aramark.

In any event, this court's HIPAA analysis need not extend far. As the district court noted, the Tenth Circuit has held that HIPAA does not create a private cause of action for alleged disclosures of confidential medical information. *Wilkerson v. Shinseki*, 606 F.3d

1256, 1267 n.4 (10th Cir. 2010). Our court recently followed *Wilkerson* and held that HIPAA does not create a private cause of action. *T.R. v. University of Kansas Medical Ctr.*, No. 126,536, 2024 WL 3311174, at *6 (Kan. App.) (unpublished opinion) ("But HIPAA does not create a private right of action."), *rev. denied* 319 Kan. 836 (2024). Thus, the claim fails as a matter of law because Johnson has no right to bring a claim under HIPAA in the first place.

Johnson appears to recognize this problem and asks "for the indulgence" of this court to find that under the current political climate and the present composition of the Supreme Court of the United States, there remains a more general right to privacy under HIPAA through the Fourth and Fifth Amendments to the United States Constitution. But as we already stated, Johnson does little to explain what records were shared and how those disclosures fit within the framework of a Fourth or Fifth Amendment analysis. A point raised incidentally in a brief and not argued therein is deemed waived or abandoned. *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017).

Johnson next acknowledges this court's holding in *T.R.* that HIPAA creates no private cause of action but argues that we should not follow that holding because Johnson did not ask for monetary damages below. But nothing in *Wilkerson* nor *T.R.* limits the holding in those cases that there is no private cause of action for an alleged HIPAA violation to a claim for money damages. See *Wilkerson*, 606 F.3d at 1267 n.4; *T.R.*, 2024 WL 3311174, at *6. Johnson fails to distinguish his case from *Wilkerson* and *T.R.* We conclude the district court did not err in summarily denying Johnson's HIPPA claim.

*Kitchen assignment claim*

Johnson next challenges the district court's finding that working kitchen duty is not cruel and unusual punishment. No Kansas appellate court has addressed whether assignment to a prison work detail, whether through private industry or otherwise, is

cruel and unusual punishment. Perhaps that is why the district court focused instead on caselaw holding that hard labor was not cruel and usual punishment with the implication that if hard labor was not cruel and unusual, surely kitchen duty was not either.

Johnson argues that the cases the district court relied on, *State v. Ross*, 295 Kan. 424, 427, 284 P.3d 309 (2012) and *State v. Coutcher*, 198 Kan. 282, Syl. ¶ 4, 424 P.2d 865 (1967), themselves relied on citations to much older cases. Therefore, he claims generally that the passage of time renders those older cases no longer applicable. But Johnson forgets that old law can still be good law—especially when reaffirmed in recent years. Our Supreme Court in *Ross*, a 2012 case, reaffirmed its prior decisions that hard labor was not cruel and unusual punishment. 295 Kan. at 427. And the implication is obvious—if hard labor is not cruel and unusual, then neither is kitchen duty. While the holdings in *Ross* and *Coutcher* are not directly on point nor dispositive, they support Schnurr's position that an inmate's work assignment in the kitchen does not violate the Eighth Amendment.

While Kansas courts have not addressed whether assignment to a work detail is cruel and unusual punishment, the Tenth Circuit has done so. In *Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991), the court found claims that prison officials assigned work duty as punishment did not amount to cruel and usual punishment and therefore did not constitute a valid Eighth Amendment claim for habeas corpus relief. In contrast, in *Bloom v. McPherson*, No. 08-3230, 2009 WL 3166959, at *5 (10th Cir. 2009), Bloom alleged prison staff assigned him to kitchen duty despite knowing about a prior medical report preventing him from performing such work. The court found Bloom stated a claim for an Eighth Amendment violation not because he was assigned to kitchen duty against his will, but because he was assigned to kitchen duty with deliberate indifference to his health needs. 2009 WL 3166959, at *5. Johnson does not make any claim that the assigned kitchen duty would impair his health or safety.

6

Johnson tries to distinguish between working directly for the prison and working for a private company that contracted with the prison, like Aramark. He seems to assert that being assigned to work for a private contractor while in prison is somehow a greater violation of his constitutional rights. But Johnson does little to explain how working directly for the prison versus working for a private contractor within the prison matters. He declares in one sentence that his situation is different than an internal prison industry job allowed by statute. We find that Johnson fails to make a meaningful distinction and his argument is incidentally raised and not supported with any authority. See *Russell*, 306 Kan. at 1089. In sum, Johnson has not stated a claim showing continuing mistreatment of a constitutional stature and the district court did not err in summarily denying any relief.

Affirmed.