FILED
United States Court of Appeals
Tenth Circuit

March 23, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALEJANDRO LUJAN-JIMENEZ,

    Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

    Respondent.

No. 15-9543
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

    Alejandro Lujan-Jimenez ("Mr. Lujan") is a native and citizen of Mexico who

is subject to a final removal order issued by the Board of Immigration Appeals

("BIA"). Mr. Lujan filed a petition for review of that removal order, but his appeal

was dismissed for lack of jurisdiction because it was untimely. He then filed a

motion asking the BIA to reopen his removal proceedings to reconsider the legal

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

basis of its removal order or, in the alternative, to reissue its removal order to allow him to file a timely petition for review of it. The BIA denied the motion to reopen.

Mr. Lujan then filed a second petition for review—this time challenging the BIA's denial of his motion to reopen. We grant the petition to the extent it challenges the BIA's decision not to reissue its removal order, and we remand to the BIA to explain the basis of its decision not to reissue. We deny the petition in all other respects.

## I.    Background

Mr. Lujan twice entered the United States unlawfully—when he crossed the Texas border to come here in the 1990's and following a return trip to Mexico for a funeral in 2004. The Department of Homeland Security instituted removal proceedings against him in 2008 for being present in the United States without admission. Mr. Lujan conceded removability but applied for (1) adjustment of status based on his marriage to a United States citizen, (2) waiver of inadmissibility, and (3) cancellation of removal. The immigration judge ("IJ") denied all three applications but granted voluntary departure.

At the removal hearing, the IJ determined that Mr. Lujan did not meet his burden of proving eligibility for relief or protection from removal. *See* 8 U.S.C. § 1229a(c)(4)(A)(i) (putting burden of proof on alien to establish he meets statutory requirements for relief). The BIA upheld the denial. Mr. Lujan filed a petition for review of the BIA's removal order, but this court dismissed it for lack of jurisdiction because it was filed late. Meanwhile, shortly before the dismissal and 90 days after

2

the BIA's removal order, Mr. Lujan filed a "motion to reopen or, in the alternative, motion to reissue." Admin. R. at 60. The BIA denied the motion, and Mr. Lujan filed this petition for review of the denial.[1] We have jurisdiction under 8 U.S.C. § 1252.

## II. Analysis

In his motion to reopen his removal proceedings, Mr. Lujan requested two different forms of relief. First, he asked the BIA to reopen "to consider the facts surrounding Mr. Lujan's criminal conviction in light of United States Supreme Court precedent," Admin. R. at 62. Second, and in the alternative, he asked the BIA to reopen to reissue its decision to allow him to file a timely petition for review of the removal order.[2] We consider each request in turn, after a brief explanation of the applicable standard of review.

---

[1] The petition is ostensibly a challenge to the BIA's denial of the motion, but it is replete with arguments about the merits of the BIA's removal decision (purportedly to show how Mr. Lujan was prejudiced by his counsel's failure to timely file the first petition for review). We decline to address Mr. Lujan's attacks on the underlying removal order, as we have jurisdiction to consider only the BIA's denial of Mr. Lujan's subsequent motion.

[2] Mr. Lujan labeled the latter request a "motion to reissue." There is no explicit regulatory authority for the BIA to "reissue" a removal order. *See Tobeth-Tangang v. Gonzales*, 440 F.3d 537, 539 n.2 (1st Cir. 2006) ("Although the petitioner sought reissuance of the Decision, that relief is not mentioned in the regulations."). But courts follow the BIA in reasoning that a motion to reissue is really just part of a motion to reopen. *See, e.g.*, *id.* ("[T]he case would have to be reopened before the BIA could grant the requested relief. We therefore follow the BIA's lead and treat the motion as a motion to reopen."); *see also Jahjaga v. Att'y Gen. of U.S.*, 512 F.3d 80, 82 (3d Cir. 2008) ("treat[ing] a motion to reissue as a motion to reopen" in assessing court's jurisdiction).

3

## A. Standard of Review

The BIA's denial of a motion to reopen is reviewable only for an abuse of discretion, *Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013), as is its denial of a motion to reconsider, *Rodas-Orellana v. Holder*, 780 F.3d 982, 990 (10th Cir. 2015). The Supreme Court has described the BIA's discretion over motions to reopen as "broad." *Kucana v. Holder*, 558 U.S. 233, 242 (2010). An alien challenging the denial of a motion to reopen "bears a heavy burden to show the BIA abused its discretion," *Maatougui*, 738 F.3d at 1239, because "motions to reopen immigration cases are plainly disfavored," *id.* (alteration and internal quotation marks omitted). Furthermore, the BIA "has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief." 8 C.F.R. § 1003.2(a); *accord Maatougui*, 738 F.3d at 1240.

We also review for an abuse of discretion the BIA's denial of a request to reissue. *See Hernandez-Velasquez v. Holder*, 611 F.3d 1073, 1077 (9th Cir. 2010); *Chen v. U.S. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007) (per curiam); *Tobeth-Tangang v. Gonzales*, 440 F.3d 537, 539 & n.2 (1st Cir. 2006).

"The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004) (internal quotation marks omitted).

4

**B.    Motion to Reopen to Reconsider Legal Basis of Removal Order**

The BIA denied the first request in Mr. Lujan's motion to reopen on two grounds.  First, the substance of the motion made it a motion to reconsider, not a motion to reopen, so it was untimely.  Second, even if the motion had been timely, Mr. Lujan did not meet "the heavy burden of showing either reconsideration or reopening is warranted," Admin. R. at 4, because the BIA already considered—and rejected—his main legal argument in its final removal order.

Although Mr. Lujan titled his motion one to "reopen," *id.* at 60, the government argued—and the BIA agreed—that, in substance, it was a motion to reconsider.  This distinction is critical because these motions are subject to different filing deadlines.  A motion to reopen must be filed within 90 days of a final administrative decision, 8 U.S.C. § 1229a(c)(7)(C)(i), whereas a motion to reconsider must be filed within 30 days,  *id.* § 1229a(c)(6)(B).  Mr. Lujan's motion was filed 90 days after the BIA's removal order.

A motion to reopen seeks to present new evidence to the BIA, whereas a motion to reconsider challenges the factual or legal basis of the BIA's decision. *Compare id.* § 1229a(c)(7)(B) (motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material"), *with id.* § 1229a(c)(6) (motion to reconsider "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority"); *see also Rodas-Orellana*, 780 F.3d at 986 n.3 ("A change in case law is not considered new evidence for purposes of a motion to reopen.  It is a

motion for reconsideration, as opposed to a motion to reopen, that asks the agency to consider a change in the law." (alteration and internal quotation marks omitted)).

Applying this distinction here, we discern no abuse of discretion in the BIA's characterization of the first prong of Mr. Lujan's motion as an untimely motion to reconsider. The BIA carefully explained the difference between a motion to reopen and a motion to reconsider, detailed the filing requirements for each, and correctly calculated that Mr. Lujan's motion to reconsider was not timely filed. The crux of the motion was that the BIA failed to consider a Supreme Court case and that the IJ's analysis was flawed in light of a recent opinion by the Attorney General. These claims of legal error are not new evidence, and Mr. Lujan did not otherwise present any new facts or material evidence.[3]

---

[3] We reject Mr. Lujan's blanket statement that under 8 C.F.R. § 1003.2(c)(1) an alien need not provide new evidence in support of a motion to reopen if he alleges ineffective assistance of counsel. *See* Pet'r's Opening Br. at 13. To support this statement, Mr. Lujan relies on *Osei v. INS*, 305 F.3d 1205, 1208 (10th Cir. 2002), which he characterizes as "reversing the BIA where it required the production of new evidence to support a motion to reopen based on ineffective assistance of counsel." Pet'r's Opening Br. at 13. We did note in *Osei* that the BIA "has regularly evaluated [motions to reopen raising an ineffective assistance of counsel claim] based merely on whether they satisfy the requirements set out in" *In re Lozada*, 19 I. & N. Dec. 637, 638 (BIA 1988), without regard to compliance with § 1003.2(c)(1). 305 F.3d at 1209 (footnote omitted). But the context there was entirely different: Mr. Osei's motion to reopen sought to introduce additional evidence that purportedly was not submitted at his asylum hearing due to ineffective assistance of counsel *at that hearing*. *Id.* at 1208. Thus, Mr. Osei's counsel arguably "prevented [him] from reasonably presenting his case," *id.* at 1209 n.2, thereby depriving him of a "fundamentally fair deportation proceeding," *id.* at 1208. By contrast, Mr. Lujan does not allege that ineffective assistance of counsel prevented him from reasonably presenting his case during the underlying removal proceedings or otherwise call into question the fairness of that proceeding. Nor is Mr. Lujan's ineffective assistance of

(continued)

## C. Motion to Reopen to Reissue Removal Order

Mr. Lujan also moved the BIA to reopen his removal proceedings to reissue its removal order and thus remedy the ineffective assistance of counsel he says he received when his attorney filed an untimely petition for review of that order—an error that led to the dismissal of his appeal for lack of jurisdiction.[4] But the BIA denied Mr. Lujan's request to reissue, stating: "We also find no basis upon which to reissue our previous decision. Based on the foregoing, the following order will be entered." Admin. R. at 4.

This court has acknowledged (albeit in a different context, *see supra* n.3) that "although there is no right to appointed counsel in deportation proceedings," an alien "can state a Fifth Amendment violation if he proves that retained counsel was ineffective and, as a result, the petitioner was denied a fundamentally fair

counsel claim at all related to the legal errors he alleged in his motion to reopen. At most, his ineffective assistance of counsel claim provides relief in the form of reissuance of the removal order, as discussed next.

[4] Mr. Lujan also sought reissuance on the grounds that "the BIA's instructions on the timing to file a circuit appeal were technically deficient," Pet'r's Opening Br. at 12. He complained that the cover letter attached to the BIA's removal order states that a petition for review must be filed with the court of appeals "*within* 30 days of the date of the decision, *see* Admin. R. at 2 (emphasis added), but 8 U.S.C. § 1252(b)(1) "clearly contemplates that the time period for appeal begins to run on the day *after* the order is issued, *see* Admin. R. at 72 (emphasis added). Not only does this argument presume an attorney can ignore the express language of a governing statute, it simply doesn't make sense. If anything, the word "within" suggests that the petition would have to be filed *earlier* than the deadline, so the BIA's language would not result in a late filing. In any event, we agree with the Attorney General that Mr. Lujan has abandoned this argument on appeal, as he has not briefed it in accordance with Fed. R. App. P. 28(a)(8)(A).

proceeding," *Osei v. INS*, 305 F.3d 1205, 1208 (10th Cir. 2002). In addition, the BIA sometimes reissues decisions based on ineffective assistance of counsel where an alien complies with the procedural requirements of *In re Lozada*, 19 I. & N. Dec. 637, 638 (BIA 1988), and shows that he "was prejudiced by his representative's performance," *id.*[5]

On appeal, Mr. Lujan contends that he complied with *Lozada* and suffered prejudice. To support his allegations of a due process violation, he cites a Ninth Circuit case, *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000), and its progeny, *In re Echeverria-Barboza*, No. A079 805 425, 2008 WL 5244733, at *1 (BIA Nov. 26, 2008) (unpublished), for the proposition that an attorney's failure to timely file a direct appeal in a civil immigration matter constitutes ineffective assistance of counsel because it deprives the alien of appellate proceedings. Mr. Lujan also points out that "[i]n its decision denying Mr. Lujan's [motion], the BIA failed to even mention his ineffective assistance of counsel claim, much less analyze the claim." Pet'r's Opening Br. at 14.

In response, the Attorney General emphasizes the BIA's broad discretion, distinguishes this situation from cases in which the ineffective assistance of counsel occurred in the underlying agency proceeding, explains why Mr. Lujan has not

---

[5] The BIA found in *Lozada* that an alien does *not* suffer prejudice from his attorney's failure to file an appellate brief before the BIA where he "received a full and fair hearing at which he was given every opportunity to present his case," 19 I. & N. Dec. at 640.

8

suffered the requisite prejudice, and articulates persuasive reasons why this court should join other circuits in rejecting *Dearinger*. "Had the BIA given such a reasoned explanation of its decision, we would have no need to remand." *Mickeviciute v. INS*, 327 F.3d 1159, 1163 (10th Cir. 2003). But the BIA's decision did not articulate any of the reasoning advanced by the Attorney General, and we "may not uphold an agency action on grounds not relied on by the agency," *id.* (internal quotation marks omitted). As we made clear in *Mickeviciute*, we cannot "manufacture reasoning to support an agency decision." *Id.* Rather, "[t]he agency must make plain its course of inquiry, its analysis and its reasoning," as "[a]fter-the-fact rationalization by counsel . . . will not cure noncompliance by the agency with these principles." *Id.* at 1163-64 (internal quotation marks omitted). "Because an agency has a duty not only to reach an outcome, but to explain that outcome, we intrude on the agency's authority . . . by supporting a result reached by the agency with reasoning not explicitly relied on by the agency." *Id.* at 1165.

The BIA denied the request to reissue in a summary statement that did not include any reasoning or provide *any* explanation (let alone a rational one) for its decision, thereby precluding any meaningful review. Consequently, we conclude that the BIA abused its discretion, and we remand to the BIA with instructions to address Mr. Lujan's ineffective assistance of counsel claim in the context of his request for a reissuance and explain the rationale for its denial of that request.

9

### III.    Conclusion

For the reasons stated above, we grant Mr. Lujan's petition for review of the denial of the motion to reopen to the extent it challenges the BIA's decision not to reissue its removal order, and we remand to the BIA to explain the basis of its decision not to reissue.  But we deny the petition in all other respects.  We also deny Mr. Lujan's February 26, 2016, motion to hold this case in abeyance pending the Supreme Court's resolution of *Mathis v. United States*, 136 S. Ct. 894 (Jan. 19, 2016) (mem.).

Entered for the Court


Monroe G. McKay
Circuit Judge