FILED
United States Court of Appeals
Tenth Circuit

October 30, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RIGOBERTO FLORES-CASTILLO,

Petitioner,

v.

WILLIAM P. BARR, United States
Attorney General,

Respondent.

No. 19-9512
(Petition for Review)

ORDER AND JUDGMENT[*]

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.

In January 2015, the Department of Homeland Security informed Petitioner

Rigoberto Flores-Castillo, a native and citizen of Mexico, that it intended to reinstate a

prior order of removal against him. Petitioner claimed a fear of returning to Mexico, and

an asylum officer interviewed him to determine if he was entitled to asylum or protection

under the Convention Against Torture. The asylum officer concluded that his testimony,

---

[*] After examining the briefs and the appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument.
　　This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

while credible, did not establish a reasonable fear of either persecution based on a protected characteristic or torture carried out by or with the acquiescence of a public official. The asylum officer's decision was affirmed by an immigration judge following a reasonable-fear hearing at which Petitioner was represented by counsel.

Because the immigration judge agreed with the asylum officer, his decision was not appealable to the Board of Immigration Appeals, *see* 8 C.F.R. § 1208.31(g)(1), but it was reviewable in this court as a "final order of removal," 8 U.S.C. § 1252(a)(1), (5). However, "[d]ue to an error and misunderstanding" between the two attorneys who were representing Petitioner, "while a Petition for Review of the adverse November 20, 2018 decision of the immigration judge had been prepared, same was not filed with the Court" within the thirty-day filing deadline. (Petitioner's Br. at 7.)

Realizing that he had missed the filing deadline, lead counsel filed a motion to the immigration judge in which he conceded that he had provided ineffective assistance and asked the immigration judge to "rescind and reissue" the adverse decision so the filing deadline would be re-triggered, as "this avenue appears to be the only mechanism for reinstating the due process rights of Mr. Flores Castillo." (BIA R. at 30, 34.) The immigration judge denied the motion on a one-page preprinted form, checking the box next to "No good cause has been established for the above request" and providing a short handwritten explanation: "The applicant has not established that the Court has authority to rescind and reissue its order or jurisdiction over this matter. The applicant has also not

shown any error of fact or law in the Court's decision." (*Id.* at 2.)

Petitioner seeks review of the immigration judge's denial of his motion to rescind and reissue the prior adverse decision. We review the denial of the motion to rescind for an abuse of discretion. *Lujan-Jimenez v. Lynch*, 643 F. App'x 737, 740 (10th Cir. 2016). The agency "abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Qiu v. Sessions*, 870 F.3d 1200, 1202 (10th Cir. 2017) (internal quotation marks omitted). "Moreover, committing a legal error . . . is necessarily an abuse of discretion." *Id.* (internal quotation marks and brackets omitted).

As an initial matter, the government concedes that the immigration judge committed a legal error when he concluded that he lacked the authority or jurisdiction to rescind and reissue his prior decision. "An Immigration Judge may upon his or her own motion at any time, or upon motion of the Service or the alien, reopen or reconsider any case in which he or she has made a decision, unless jurisdiction is vested with the Board of Immigration Appeals." 8 C.F.R. § 1003.23(b)(1). Because the immigration judge agreed with the asylum officer's reasonable-fear determination in this case, jurisdiction never vested with the Board of Immigration Appeals, *see* 8 C.F.R. § 1208.31(g)(1), and thus the immigration judge retained the authority and jurisdiction to reopen and reissue his prior decision in this case. Moreover, the Attorney General has expressly concluded that the agency's "discretion to reopen removal proceedings includes the power to

consider claims of ineffective assistance of counsel based on conduct of counsel that occurred after a final order of removal had been entered." *Compean*, 25 I. & N. Dec. 1, 3 (Att'y Gen. 2009).

Indeed, in another case in which an immigration petitioner "allege[d] that his counsel prevented him from filing a timely petition for review," the government argued that the petitioner could not pursue a habeas remedy because "the statutory motion to reopen process is an adequate and effective substitute for habeas corpus." *Luna v. Holder*, 637 F.3d 85, 94, 96 (2d Cir. 2011). The writ of habeas corpus has not been suspended, the government argued in *Luna*, because immigration petitioners who are initially deprived of their right to access the courts by the ineffective assistance of counsel or government-created circumstances can ask the agency to reissue the final order of removal, restarting the filing deadline so that the petitioner may obtain judicial review of the agency's removal decision. *Id.* at 95–98. The Second Circuit accepted this argument in *Luna*, thereby rejecting the petitioners' Suspension Clause argument, but it "emphasize[d]" that the agency's authority to restart the filing deadline by reissuing the removal decision was "essential to [the court's] holding." *Id.* at 98. "If the Attorney General later withdraws the BIA's authority to consider claims that ineffective assistance or governmental interference prevented an alien from filing a timely petition for review, then the statutory motion to reopen process would be meaningfully 'more limited' than habeas review and therefore an inadequate substitute for habeas." *Id.* Thus, it is essential

that the agency recognize its authority—and responsibility—to use the motion-to-reopen process to reissue a final removal decision where ineffective assistance of counsel or government interference prevented the petitioner from filing a timely petition for review. "[T]he motion to reopen process [i]s 'an important safeguard intended to ensure a proper and lawful disposition of immigration proceedings.'" *Id.* at 95 (quoting *Kucana v. Holder*, 558 U.S. 233, 242 (2010) (internal quotation marks omitted)). The immigration judge's failure to recognize his authority to grant the requested relief in this case constituted a fundamental error of law.

Nevertheless, the government argues that this error was harmless because we can affirm the immigration judge's denial of Petitioner's motion to reissue on the alternative basis that Petitioner failed to establish good cause for his motion. The government argues that the immigration judge correctly held that Petitioner failed to establish good cause for rescinding and reissuing the prior decision because (1) reasonable-fear proceedings are intended to be expedited and efficient, (2) motions to reopen are disfavored, and (3) Petitioner failed to comply with the Board of Immigration Appeals' procedural requirements for pursuing an ineffective-assistance-of-counsel claim. Notably, none of these reasons were relied on, or even hinted at, by the immigration judge. As we have repeatedly stated, "we 'may not uphold an agency action on grounds not relied on by the agency.'" *Lujan-Jimenez*, 643 F. App'x at 742 (quoting *Mickeviciute v. INS*, 327 F.3d 1159, 1163 (10th Cir. 2003). "'Because an agency has a duty not only to reach an

-5-

outcome, but to explain that outcome, we intrude on the agency's authority by supporting a result reached by the agency with reasoning not explicitly relied on by the agency.'" *Id.* (ellipsis omitted) (quoting *Mickeviciute*, 327 F.3d at 1165). The government cannot rely on after-the-fact rationalizations to attempt to bolster the immigration judge's contemporary decision. *Id.*

The immigration judge's only comment on the merits of Petitioner's motion was a conclusory statement that Petitioner had not established good cause for reissuing the prior decision because he had "not shown any error of fact or law" in that underlying decision. (BIA R. at 2.) However, this statement failed to address the issue that was actually before the immigration judge—whether, as in *Lujan-Jimenez*, the agency should "reissue its removal order and thus remedy the ineffective assistance of counsel" that occurred when counsel failed to file a timely petition for review, restarting the filing period so Petitioner would not be unfairly deprived of his right of access to the courts. 643 F. App'x at 741. An agency "abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Qiu*, 870 F.3d at 1201 (internal quotation marks omitted). The immigration judge's decision here was both conclusory and devoid of any rational explanation as to why Petitioner should not receive the requested relief

based on counsel's concededly ineffective assistance.[1]  We will not affirm on this

inadequate alternative basis.

We therefore **GRANT** the petition for review and **REMAND** this matter to the

immigration judge for further proceedings.  In so doing, we express no opinion on the

ultimate merits of this case.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[1] The immigration judge's conclusory statement might arguably have been intended to be a commentary on whether Petitioner could satisfy the second prong of the ineffective-assistance test by showing that he was prejudiced by counsel's failure to file a timely petition for review.  However, the immigration judge did not "explicitly rel[y] on" this reasoning, and it would be inappropriate for us to insert our own reasoning to fill in the gaps in the agency's explanation.  *Mickeviciute*, 327 F.3d at 1165.  We also express some doubt as to whether a petitioner who was prevented from filing a timely petition for review by the ineffective assistance of counsel is required to make a separate showing of prejudice in order to obtain relief.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000) (holding in criminal habeas context that counsel's failure to file a timely appeal is presumptively prejudicial, with no need for a "further showing from the defendant of the merits of his underlying claims"); *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1045 (9th Cir. 2000) (extending *Flores-Ortega*'s reasoning to immigration context).  *But see Hernandez v. Reno*, 238 F.3d 50, 57 (1st Cir. 2001) (declining to incorporate *Flores-Ortega*'s "prejudice *per se* notion" into context of civil deportation proceedings).