# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2023

Lyle W. Cayce
Clerk

No. 22-60426

_____

Daisy Carolina Perez Yanez; Kenyl Andres Lagos Perez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

_____

Appeal from the Board of Immigration Appeals
Agency Nos. A206 778 152,
A206 778 153

_____

Before Duncan and Wilson, *Circuit Judges*, and Schroeder, *District Judge*.[*]

Per Curiam:[†]

Daisy Carolina Perez Yanez petitions for review of the Board of Immigration Appeals' ("BIA") denial of her "Motion to Reopen Proceedings." The BIA determined that her motion to reopen should have been filed with the Immigration Judge ("IJ") rather than with it. Perez Yanez

_____

[*] United States District Judge for the Eastern District of Texas, sitting by designation.

[†] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60426

now argues that the BIA erred in construing her motion as a motion to reopen when it was, in substance, a motion to reconsider that was properly before the BIA. Finding no error, we deny the petition.

I.

Perez Yanez and her son, Kenyl Andres Lagos Perez, are aliens from Honduras.[1] Perez Yanez was served with a notice to appear that charged her as removable for lacking valid entry documents. She then applied for asylum, withholding of removal, and protection under the Convention Against Torture, but the IJ ultimately denied her application.

Perez Yanez appealed to the BIA, but the BIA summarily dismissed her appeal as untimely. The dismissal informed her that she could file a motion to reconsider with the BIA if she wished to challenge the finding that her appeal was untimely. But it warned that a motion "challenging any other finding or seek[ing] to reopen [her] case" would have to be filed with the IJ.

Subsequently, Perez Yanez, through new counsel, filed with the BIA a pleading entitled "Motion to Reopen Proceedings and Re-issue a New Decision with the New Deadline." In the motion, Perez Yanez argued that the late filing was due to her prior attorney's ineffective assistance, which justified reopening "due to those exceptional circumstances." Perez Yanez requested that the BIA "reopen [her] case" and "reissue the [IJ's] decision" so that she could have a new deadline to appeal to the BIA.

The BIA denied the motion because it "raise[d] no issues related to the [BIA's] determination that the appeal was untimely." It further noted that her "motion requesting that the [IJ] reissue her decision . . . must be filed

---

[1] Because Lagos Perez's petition is derivative of his mother's, we refer only to Perez Yanez.

with the Immigration Court." Perez Yanez timely petitioned this court for review of the BIA's decision.

## II.

"[W]e review the BIA's denial of a motion to reopen or to reconsider under the highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Under this standard, the BIA's decision will be affirmed unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018) (quoting *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006)).

## III.

This petition turns on whether Perez Yanez filed a motion to reconsider or a motion to reopen. *See* 8 C.F.R. § 1003.23(b); *see also Pierre v. INS*, 932 F.2d 418, 421 (5th Cir. 1991), *overruled on other grounds by Stone v. INS*, 514 U.S. 386 (1995) (noting that these motions are "separate and distinct motions with different requirements" (quoting *Sanchez v. INS*, 707 F.2d 1523, 1529 (D.C. Cir. 1983))). In general, a motion to reconsider "urges an adjudicative body to re-evaluate the record evidence only," *Zhao*, 404 F.3d at 301, while a motion to reopen presents new facts and evidence, *Gonzalez Hernandez v. Garland*, 9 F.4th 278, 285 (5th Cir. 2021).

Under the BIA's longstanding "place-of-filing" rule, when the BIA dismisses an appeal as untimely without adjudicating the merits, it will only entertain motions to reconsider the finding of untimeliness. Motions challenging any other finding or requesting reopening must be made to the IJ. *See In re Lopez*, 22 I. & N. Dec. 16, 17 (BIA 1998); *In re Mladineo*, 14 I. & N. Dec. 591, 592 (BIA 1974). This rule "ensures that the only body to have addressed the merits of a petitioner's application also adjudicates any

potential motion to reopen." *Hernandez v. Holder*, 738 F.3d 1099, 1102 (9th Cir. 2013).

We determine what a motion is by its substance, not its label. *See Zhao*, 404 F.3d at 301. Perez Yanez argues that the BIA erred in construing her "Motion to Reopen Proceedings and Re-issue a New Decision with the New Deadline" as a motion to reopen. Although labeled as a "Motion to Reopen," she claims that it was substantively a motion to reconsider. Specifically, she argues that because her motion claimed ineffective assistance of counsel as the reason for her untimely filing, she was in fact requesting the BIA's reconsideration of untimeliness.

A review of the motion does not support this conclusion. To begin with, the motion requests reopening or characterizes itself as a motion to reopen no fewer than five times. It never mentions reconsideration. While these labels are not dispositive, it is telling that Perez Yanez characterized her motion throughout as one to reopen.

But what is fatal to Perez Yanez's argument is the type of relief she requested. Her motion specifically requested that the BIA "reopen the case" and "reissue the [IJ's] decision with [a] new deadline" to appeal so that she could re-appeal to the BIA. Other circuits have consistently held that such a request for reissuance is effectively a motion to reopen. *See Jahjaga v. Att'y Gen.*, 512 F.3d 80, 82 (3d Cir. 2008) ("We treat a motion to reissue as a motion to reopen"); *Chen v. Att'y Gen.*, 502 F.3d 73, 75 (2d Cir. 2007) ("A motion to reissue is treated as a motion to reopen."); *Lujan-Jimenez v. Lynch*, 643 F. App'x 737, 739 n.2 (10th Cir. 2016) (similar). That is because "the case would have to be reopened before the BIA could grant the requested relief" of reissuance. *Tobeth-Tangang v. Gonzales*, 440 F.3d 537, 539 n.2 (1st Cir. 2006). In fact, the regulations do not specifically provide for motions to reissue, so courts "follow the BIA's lead and treat the motion as a motion to

reopen." *Ibid.*; *Lujan-Jimenez*, 643 F. App'x at 739 n.2. Because Perez Yanez requested reissuance of the IJ's decision, the BIA was within its discretion to treat her motion as one to reopen and subsequently dismiss it as improperly filed under the place-of-filing rule.[2]

Further undermining Perez Yanez's claim is the fact that, if her motion had been one to reconsider, it would have been untimely. While there is a 90-day window to move to reopen, there is only a 30-day window to move to reconsider. *See* 8 C.F.R. § 1003.23(b). As a motion to reopen, Perez Yanez's motion was timely. But, as a motion to reconsider, it would have been filed well beyond the relevant deadline. This supports the BIA's conclusion that the motion was in fact a motion to reopen.

In conclusion, we cannot say that the BIA abused its discretion in denying Perez Yanez's motion under its place-of-filing rule.

## IV.

The petition for review is DENIED.

---

[2] *In re Lopez* does say that a motion to reconsider can "request[] consideration of the reasons for untimeliness" in addition to challenging the finding of untimeliness itself. 22 I. & N. Dec. at 17. But Perez Yanez does not argue that the BIA erred under *In re Lopez*, and she has therefore forfeited any such argument. *See Ahmed v. Sessions*, 713 Fed. App'x 308, 309 (5th Cir. 2018) (per curiam) (deeming such an argument abandoned in a similar case).